United States Court of Appeals,

Fifth Circuit.

No. 94-50821.

Jean AUCLAIR, Plaintiff-Counter-Defendant-Appellee,

v.

Joann SHER, Vincent Giffuni, and Catherine Giffuni, Defendants-Counter-Plaintiffs-Appellants.

Sept. 8, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before REYNALDO G. GARZA, KING and HIGGINBOTHAM, Circuit Judges.

KING, Circuit Judge:

In this case, we are called upon to determine whether a private individual who is the beneficiary of a restitution award entered in a criminal case may enforce the award in the same manners as the United States can under 18 U.S.C. 3663(h). The district court held that the rights of the private individual to enforce such an award are not as extensive as those of the government. We affirm in part and vacate and remand in part.

## I. FACTS AND PROCEDURAL HISTORY

On November 20, 1992, the co-execut ors of the estate of Joseph V. Giffuni, Joan Sher, Vincent Giffuni, and Catherine Giffuni (collectively, the Co-Executors) were awarded restitution from Jean Auclair in the amount of $266,231 after Auclair plead guilty to two counts of perjury.

On February 19, 1993, the Co-Executors filed an abstract of judgment in McClennan County, Texas, where Auclair's homestead was located, in order to serve as notice of the existence of a lien on Auclair's property that secured payment of the order of restitution. Auclair subsequently decided to sell the property and requested that the Co-Executors release the abstract of judgment in order to enable her to do so. The Co-Executors instead offered to execute a partial release on the condition that Auclair agree to deposit the proceeds of the sale of the property into an escrow account pending a judicial determination of the respective rights of the parties.

Auclair refused to execute a partial release and instead filed suit pursuant to Texas'

Declaratory Judgment Act. *See* TEX.REV.CIV.STAT.ANN. § 37. Auclair, who based her suit's federal jurisdiction on diversity of citizenship, sought a declaration that: (1) the property in question was her homestead and thus exempt from forced sale; and (2) the Co-Executors were not entitled to enforce their order of restitution against the property by way of forced sale or any other involuntary disposition.

The Co-Executors, in turn, counterclaimed, seeking a declaration to the effect that: (1) the United States had a valid lien against Auclair's property; (2) 18 U.S.C. § 3663(h) permitted the Co-Executors to enforce that lien against Auclair's property regardless of its homestead status; and (3) the Co-Executors' abstract of judgment did not constitute a cloud on Auclair's title.

Both parties subsequently filed motions for summary judgment. In granting summary judgment for Auclair, the district court reasoned that the plain language of § 3663(h) did not provide a party other than the United States with the right to enforce a lien against property exempt as a homestead. The district court also awarded Auclair $7,000 in legal fees, to be deducted from the balance Auclair owed on the Co-Executors' restitution award. The Co-Executors timely appealed from the district court's grant of summary judgment, its denial of declaratory judgment for the Co-Executors, and its award of attorneys' fees.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo, applying the same criteria used by the district court in the first instance. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994); *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994). First, we consult the applicable law to ascertain the material factual issues. *King v. Chide,* 974 F.2d 653, 655-56 (5th Cir.1992). Second, we review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir.1994); *FDIC v. Dawson,* 4 F.3d 1303, 1306 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 2673, 129 L.Ed.2d 809 (1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law." FED.R.CIV.P. 56(c).

## III. DISCUSSION

### A. The Powers of Victims Under 18 U.S.C. § 3663

The Co-Executors contend that the district court erroneously granted summary judgment in favor of Auclair because the plain language of 18 U.S.C. § 3663(h) enables them to enforce a lien against Auclair's property pursuant to 18 U.S.C. § 3613.[1] However, § 3663(h) is clearly broken down into two separate enforcement provisions, with § 3663(h)(1) pertaining to those manners in which the United States may enforce a restitution award and § 3663(h)(2) pertaining to the manner in which a private victim may enforce a restitution award.

Specifically, § 3663(h)(1)(A) outlines the first of two methods the United States can use to enforce an order of restitution. As that section provides, when a criminal restitution award is handed

---

[1]Section § 3663(h) of the United States Code provides:

> An order of restitution may be enforced—
>
> (1) by the United States
>
> > (A) in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title;  or
> >
> > (B) in the same manner as a judgment in a civil action;  and
>
> (2) by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action.

18 U.S.C. 3663(h).

Subchapter B of chapter 229, located at 18 U.S.C. § 3613, provides:

> (a) Lien.—A fine imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined.  The lien arises at the time of the entry of the judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to the provisions of subsection (b).
>
> (c) Application of other lien provisions.—The provisions of [various U.S.C. provisions, including § 6336] apply to a fine imposed by subsection (a) as if the liability of the person fined were for an internal revenue tax assessment....

18 U.S.C. § 3613.

down, "the order may be enforced in the manner provided for the collection of fines in subchapter B of chapter 229 of this title." 28 U.S.C. § 3663(h)(1)(A). Subchapter B of chapter 229, or 28 U.S.C. § 3613(a), in turn creates "a lien in favor of the United States," one which arises at the time of judgment and can be enforced against all property belonging to the person fined.

Section 3663(h)(1)(B) outlines the second method that the United States can use to enforce an order of restitution—"in the same manner as a judgment in a civil action." The "or" separating § 3663(h)(1)(A) and § 3663(h)(1)(B) clearly indicates that the government can choose to enforce a restitution award in either manner. By contrast, § 3663(h)(1)(B) does not refer in any part to § 3613. Rather, the United States is referred to the rules for collection of a judgment in a civil action, which are set out in Federal Rule of Civil Procedure 64.[2]

The conjunction "and" between §§ 3663(h)(1) and (2) clearly demonstrates that the enforcement powers provided to the "United States" are broader than those provided to other "victims," including the Co-Executors in the case at bar. On one hand, a restitution order can be enforced as if it were a civil judgment by both the United States and a "victim" as named in § 3663(h)(2). On the other hand, only the United States can enforce against an individual's property the lien which arose in its favor upon entry of judgment. Victims such as the Co-Executors are not afforded this second option because, in contrast to § 3663(h)(1), § 3663(h)(2) contains no subsection corresponding to § 3663(h)(1)(A).

---

[2]Federal Rule of Civil Procedure 64 provides:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

Fed.R.Civ.P. 64.

For these reasons, we affirm the district court's finding that the plain language of 18 U.S.C. § 3663(h) does not provide the Co-Executors, as private individuals, with the ability to enforce their restitution judgment against Auclair's property in any manner other than as a civil judgment.

### B. Whether the Abstract of Judgment is a Cloud on Title

The Co-Executors also argue that, regardless of their own ability to enforce a lien against Auclair's homestead property, the district court wrongfully denied them a judicial declaration that their abstract of judgment did not constitute a cloud on the title to Auclair's property. Their contention is based on the assumption that, pursuant to 18 U.S.C. § 3613, a lien arose in favor of the United States which the government could, at a future time, enforce against Auclair's otherwise exempt homestead property.[3] Because the government could theoretically enforce this lien against Auclair's property, the Co-Executors argue, the lien is valid and cannot constitute a cloud on Auclair's title. As an additional matter, the Co-Executors assert that it is immaterial whether the government or the Co-Executors themselves filed an abstract of judgment to give notice of this lien. The Co-Executors reason that, if the government delays evidencing its lien against Auclair's property in the

---

[3]We note that there is some support for the Co-Executors' contention that a lien arises in favor of the government upon entry of judgment, even though the government is not the ultimate beneficiary of the restitution award. Furthermore, at least one case suggests that the government may act to enforce such a lien. In *United States v. Mills,* a convicted bank robber who was ordered to make restitution to the victim banks in the amount of $8,044, sued the government to recover $2,400 seized from him at the time of his arrest. 991 F.2d 609, 610-11 (9th Cir.1993). The Ninth Circuit held that the money seized by the government could be applied directly to the repayment of the restitution award in favor of the victim banks. *Id.* at 612. This seizure was proper because "the government acquires a lien against seized property when a district court issues a valid restitution order. ... [A] restitution order is enforceable as a lien upon all of the defendant's property at the time judgment is entered." *Id.* Thus, in *Mills,* the United States, by applying the confiscated money to the banks' award, acted to enforce a lien arising from a restitution award, the named victims of which were other than itself.

Other courts have also concluded that under § 3663 the government may enforce a restitution award when it is not the beneficiary of the award. *See U.S. v. Cannistraro,* 694 F.Supp. 62, 76-77 (D.N.J.1988) (holding that, pursuant to § 3663, the United States properly enforced a writ of execution against a criminal defendant's property in order to recover a criminal fine and a restitution award in the favor of defrauded investors for $394,847), *aff'd in part, vacated in part on other grounds,* 871 F.2d 1210 (3rd Cir.1989); *see also United States v. Johnson,* 983 F.2d 216, 220 (11th Cir.1993) ("The legislative history of the [Victim and Witness Protection] Act specifically states that § 3579(b)(5), recodified as § 3663(h)(2), greatly increases the victim's chances of collecting restitution because either the victim or the United States can enforce the restitution order with the remedies contained in F.R.Civ.P. 64 to collect the restitution").

deed records, a private beneficiary of a restitution award should be allowed to evidence the lien by filing an abstract of judgment in the deed records.

In its grant of summary judgment for Auclair, the district court did not directly address the issue of whether the Co-Executors' abstract of judgment was a cloud on Auclair's title. In granting summary judgment and denying the Co-Executors' counterclaim for declaratory judgment, however, the district court implied that the abstract of judgment was a cloud on Auclair's title. Because the district court did not explicitly address this issue in the first instance, we think it advisable to vacate the district court's grant of summary judgment with regard to the issue and remand it for further consideration.[4] We intimate no opinion on the merits of the issue.

## C. Attorneys' Fees

Lastly, the Co-Executors contend that because the district court allegedly erred in its grant of summary judgment in favor of Auclair, its subsequent award of attorneys' fees for Auclair was unjust. We review an award of attorney's fees by a trial court for "abuse of discretion." *Hondo Oil and Gas Co. v. Texas Crude Operator, Inc.,* 970 F.2d 1433, 1441 (5th Cir.1992). This is the same standard used by Texas appellate courts in reviewing awards of attorneys' fees pursuant to Texas Civil Practice and Remedies Code ch. 37, the Declaratory Judgment Act. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985). The Texas Declaratory Judgment Act provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX.REV.CIV.STAT.ANN. § 37.009 (Vernon 1986).[5] It is not necessary that a party prevail on every issue in a declaratory judgment action; it is generally only necessary that a party substantially prevail. *Point Isabel Independent School District v. Hinojosa,* 797 S.W.2d 176, 183 (Tex.App.—Corpus Christi 1990, writ denied).

---

[4] At oral argument, we were advised that Auclair's home burned, leaving insurance proceeds in dispute. We were further advised that the United States subsequently initiated an action to enforce a lien against Auclair's property. Because the outcome of that proceeding may be affected, in part, by the district court's decision on the "cloud" issue, explicit consideration of that issue by the district court will be helpful.

[5] No party has challenged, in the district court or in this court, the district court's authority to award attorney's fees to a substantially prevailing party under § 37.009, and we do not address it.

Because we remand the district court's grant of summary judgment with regard to whether the Co-Executors' abstract of judgment constitutes a cloud on title, we cannot yet say that Auclair has substantially prevailed on her declaratory judgment action, although she has clearly won one battle. We therefore vacate the district court's award of attorneys' fees, to be addressed at such time as the district court rules on the question of the Co-Executors' abstract of judgment.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court in part and VACATE and REMAND in part. Costs shall be borne by the Co-Executors.