IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50301
Summary Calendar
_____


CARLOS ARMENDARIZ-MATA,

                                      Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT ADMINISTRATION; MICHAEL QUINN, DEA SPECIAL
AGENT; ROBERT HERNANDEZ, DEA SPECIAL AGENT; ALFREDO JUAREZ, DEA
AGENT; GUADALUPE GOMEZ-GAMEZ, DEA AGENT,

                                      Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-94-CV-484
- - - - - - - - - -
February 2, 1998
Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Carlos Armendariz-Mata challenges the district court's

orders (1) denying his motion for leave to file an amended or

supplemental complaint; (2) granting the Government's motion for

leave to file an amended answer; (3) granting summary judgment in

favor of the Government and directing that a criminal fine

assessed against him, accrued interest on the fine, and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

transcript costs be paid out of the funds in the registry of the court; and (4) calculating prejudgment interest at less than 15%.

Armendariz's motion for leave to file reply brief out of time is hereby GRANTED.

Armendariz's amended supplemented complaint amounted to a reallegation of his *Bivens* claims against the original defendants as well as the new ones. The *Bivens* claims were dismissed by the district court and Armendariz did not challenge that dismissal on appeal. *Armendariz-Mata*, 82 F.3d at 682 n. 4. The dismissal of those claims therefore became final. *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764 (5th Cir. 1996). Like the other individual defendants, the new defendants would be protected by qualified immunity, a finding that was not challenged on appeal. *Armendariz-Mata*, 82 F.3d at 682 n. 4; *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In addition, Armendariz's claims for monetary relief were barred by sovereign immunity. *Armendariz-Mata*, 82 F.3d at 682. That ruling is now the law of the case and cannot be disturbed by this court. *Burroughs v. FFP Operating Partners, L.P.*, 70 F.3d 31, 33 (5th Cir. 1995).

The tort claim Armendariz sought to assert against the United States is frivolous. Since Armendariz did not file an administrative claim within the two-year period prescribed in § 2401(b), the district court did not have jurisdiction over this

claim.  *See MacMillan v. United States*, 46 F.3d 377, 380 n. 3, 381 (5th Cir. 1995).

Regarding the court's decision to permit the Government to file an amended answer, Armendariz fails to demonstrate prejudice, undue delay, bad faith, dilatory motive, or futility, the factors considered in determining whether an amendment should have been allowed.  *See In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 686 (1997); *see also*, Fed. R. Civ. P. 13.  The district court did not abuse its discretion in granting the Government's motion for leave to amend its answer.  *Id.; Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982).  Nor did it err in requiring deposit into the court registry and payment of claims therefrom.  The competing claims made that an appropriate order.  *See* 18 U.S.C. § 3613; *see also, Auclair v. Sher*, 63 F.3d 407, 409-10 and n. 3 (5th Cir. 1995).

Armendariz has submitted no authority to support his contention that he is entitled to prejudgment interest at a rate of 15%.  Since there was no legal basis for the payment of interest to Armendariz, it was an equitable action by the district court, reviewable only for abuse of discretion.  *See* 28 U.S.C. § 2465; *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986); *Marine Indem. Ins. Co. of America v. Lockwood Warehouse & Storage*, 115 F.3d 282, 287 (5th Cir.), *cert. denied*, 118 S. Ct. 414 (1997).; *United States v. $277,000 U.S. Currency*, 69 F.3d

1491, 1494-96 (9th Cir. 1995).  Armendariz has failed to show that the interest calculation was an abuse of discretion.

AFFIRMED.