IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-50666

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYMUNDO MONTOYA-ORTIZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(P-91-CR-95-2-F)

January 30, 2002

Before POLITZ, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reymundo Montoya-Ortiz appeals the district court's dismissal of his "Motion to Strike Lien" for lack of jurisdiction. We conclude that we are without appellate jurisdiction to consider his appeal.

On December 13, 1991, Montoya was indicted for conspiracy to distribute cocaine in excess of five kilograms as well as possession with intent to distribute more than five kilograms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) respectively. Montoya was found guilty of both counts by a jury on February 19, 1992. On April 13, 1992, Montoya was sentenced to life imprisonment and five years supervised release, with a fine of $25,000.

Three months after Montoya's sentencing, the government filed a Notice of Lien for Fine against property belonging to Montoya pursuant to 18 U.S.C. § 3613(a). On March 31, 2000, Montoya filed a "Motion to Strike Lien" in the United States District Court for the Western District of Texas. The district court dismissed the motion for lack of jurisdiction on June 7, 2000. Montoya deposited his notice of appeal with the prison's institutional mail system on July 28, 2000 which was stamped by the Clerk of Court for the Western District of Texas on August 7, 2000.

Federal Rule of Appellate Procedure 4 governs the time for filing a notice of appeal. Pursuant to Rule 4(c)(1), when "an inmate confined in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Therefore, the earliest possible date on which Montoya's notice of appeal was filed was July 28, 2000.

Rule 4(a)(1)(B) governs appeals from civil cases and provides, in pertinent part, that "the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Rule 4(b)(1)(A) provides that notice of appeal in a

2

criminal case "must be filed in the district court within 10 days after the later of ... the entry of either the judgment or the order being appealed ...." If Montoya's appeal was from a civil case, his notice of appeal was timely. If, however, the appeal was from a criminal case, the notice of appeal was untimely, and we are without jurisdiction to entertain this appeal.[1]

Montoya argues that his appeal was one from a civil case and is thus timely. The government argued in the district court, and the district court concluded, that the motion is nothing more than a collateral attack on his sentence and is therefore a criminal matter over which the district court had no jurisdiction. Montoya responds that his motion attacking the lien was civil and did not involve an attack on his sentence.

We recognize that, as a *pro se* motion, Montoya's motion is entitled to a liberal construction.[2] Moreover, "[a]s a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached."[3] Montoya's motion, however, can only be understood as one challenging the fine imposed by his sentence. We have offered the following straightforward

---

[1] *United States v. Cooper*, 135 F.3d 960, 961 (5th Cir. 1998) ("A timely notice of appeal is necessary to the exercise of appellate jurisdiction.").

[2] *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).

[3] *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

interpretation of 18 U.S.C. § 3613(a): "Subchapter B of chapter 229, or 18 U.S.C. § 3613(a), in turn creates 'a lien in favor of the United States,' one which arises at the time of judgment and can be enforced against all property belonging to the person fined."[4]  Thus, under section 3613, a fine imposed pursuant to Subchapter C of Chapter 227 is a lien in favor of the United States which arises at entry of judgment on all property owned by the person fined.[5]

While section 3613(a) permits a lien to be enforced in "accordance with the practice and procedures for the enforcement of

_____

[4] *Auclair v. Sher*, 63 F.3d 407, 409 (5th Cir. 1995); *see also id.* ("On the other hand, only the United States can enforce against an individual's property the lien which arose in its favor upon entry of judgment.").

[5] The version of 18 U.S.C. § 3613(a) in effect in 1992 provided: "A fine imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined. The lien arises at the time of the entry of the judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to the provisions of subsection (b)."  18 U.S.C. § 3613(a) (1991).  Subsequent amendments to this section have not made any significant substantive changes.  The current version of 18 U.S.C. § 3613(c) provides: "A fine imposed pursuant to the provisions of subchapter C of chapter 227 of this title, or an order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.  The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." 18 U.S.C. § 3613(c) (2000) (footnote omitted).  Subchapter C of Chapter 227 is 18 U.S.C. § 3571, which provides that "a defendant who has been found guilty of an offense may be sentenced to pay a fine."

a civil judgment,"[6] the government has not sought to enforce the lien against Montoya's property.  This lien arose automatically when a fine was imposed on Montoya as part of his sentence.  As such, the fact that the government filed a Notice of Lien does not take his motion responding to that lien outside of the criminal matter in which his fine was imposed.[7]  The lien against Montoya's property arose on the entry of judgment, and any motion filed by

---

[6]  18 U.S.C. § 3613(a) (2000); *see also* 18 U.S.C. § 3613(e) (1991) ("Notwithstanding any other provision of this section, a judgment imposing a fine may be enforced by execution against the property of the person fined in like manner as judgments in civil cases, but in no event shall liability for payment of a fine extend beyond the period specified in subsection (b).").

[7]  *Compare* 18 U.S.C. § 3613(d) (2000) ("Effect of filing notice of lien.--Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed under section 6323(f)(1) and (2) of the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified in subsection (b), (c), or (d) of section 6323 of the Internal Revenue Code of 1986 for which a notice of tax lien properly filed on the same date would not be valid.  The notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien.  A notice of lien that is registered, recorded, docketed, or indexed in accordance with the rules and requirements relating to judgments of the courts of the State where the notice of lien is registered, recorded, docketed, or indexed shall be considered for all purposes as the filing prescribed by this section."), *with* 18 U.S.C. § 3613(d) (1991) ("Effect of notice of lien.--A notice of the lien imposed by subsection (a) shall be considered a notice of lien for taxes payable to the United States for the purposes of any State or local law providing for the filing of a notice of a tax lien. The registration, recording, docketing, or indexing, in accordance with 28 U.S.C. 1962, of the judgment under which a fine is imposed shall be considered for all purposes as the filing prescribed by section 6323(f)(1)(A) of the Internal Revenue Code of 1954 (26 U.S.C. 6323(f)(1)(A)) and by subsection (c).").

5

him attacking the lien, outside of a civil action instituted by the government to take action on the lien, is an attack on Montoya's sentence.

Therefore, when the district court dismissed his motion for lack of jurisdiction, Montoya had 10 days from entry of judgment in which to timely file a notice of appeal under Rule 4(b)(1)(A). Judgment was entered by the district court on June 7, 2000, but Montoya did not deposit his notice of appeal with the prison's internal mail system until July 28, 2000. Accordingly, Montoya's notice of appeal was untimely, and, in the absence of a timely notice of appeal, we are without appellate jurisdiction.

DISMISSED FOR LACK OF JURISDICTION.