[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14599
_____

D.C. Docket No. 2:09-cv-02441-AAK


ADRIENNE L. CURRY,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS, et al.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 21, 2013)

Before HULL and PRYOR, Circuit Judges, and SCHLESINGER,[*] District Judge.

PER CURIAM:

Plaintiff-Appellant Adrienne Curry appeals the grant of summary judgment in favor of her employer, Defendant-Appellee United States Department of Veterans Affairs ("VA"), on her claims of failure to rehire, disability discrimination, and retaliation.[1] After review and oral argument, we affirm the district court's grant of summary judgment to the VA as to all claims set forth in Curry's civil complaint in this case. We vacate, however, footnote 11 of the district court's summary judgment order because it addressed claims involving post-December 5, 2008 conduct and Curry's 2010 Equal Employment Opportunity ("EEO") complaint and those claims were not set forth in the civil complaint in this case and were not litigated by the parties in this case.

## I. FACTS AND PROCEDURAL HISTORY

Beginning in 1985, Curry worked for the VA as a "Ward Secretary," or a typist.[2] In May 1997, Curry began receiving federal workers' compensation benefits because she suffered from "depressive reaction" and was totally disabled.

---

[*]Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

[1]Early in this case, the district court dismissed all claims that Curry asserted against defendants other than the VA, her 42 U.S.C. § 1983 claims against the VA, and her request for punitive damages. On appeal, Curry has not challenged these particular rulings and thus has abandoned these claims. See Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 972 (11th Cir. 2008).

[2]The VA has now apparently renamed this position a "unit clerk" or "program clerk."

2

She did not work for the VA while receiving benefits. Curry received those benefits at least through 2009.

While receiving federal workers' compensation benefits, Curry enrolled in a nursing program at a community college in 2002. In 2004, she received an associate's degree, in 2005, she received a bachelor's degree, and in 2008, she completed a master's degree, all in nursing.

On appeal, Curry contends that she made various efforts to return to VA employment (either as a typist or as a nurse), beginning in 2004 or 2005, depending on what version of events applies. Specifically, in September 2008, she applied for a nursing position at the VA. On December 5, 2008, Curry filed a formal EEO complaint with the VA alleging that the agency had discriminated against her based on her disability when it had failed to restore her to employment.[3] After investigating the 2008 EEO complaint, the VA issued its final decision on March 11, 2009. The VA determined that Curry had not stated a claim for disability discrimination. Subsequently, the EEOC affirmed on appeal. On December 2, 2009, Curry filed a civil complaint in this case.

---

[3]Regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") require that a federal employee who believes that his employer has discriminated against him first undergo informal counseling within 45 days of the alleged discriminatory conduct. 29 C.F.R. § 1614.105(a). If informal counseling fails, the employee may then file a formal EEO complaint with his or her employer-agency. 29 C.F.R. § 1614.106(a). The agency must investigate the claim and provide the employee with an opportunity to request a hearing before an administrative law judge. 29 C.F.R. § 1614.108(f). After the agency completes its investigation and issues a final decision, the employee may timely appeal to either the EEOC or to the district court. See 29 C.F.R. §§ 1614.401, 1614.407.

While administrative review of her December 5, 2008 EEO complaint was pending, Curry continued to ask the VA to restore her to employment. On May 13, 2009, a psychiatrist, who had evaluated Curry, reported that Curry could work three to four hours per day, and could gradually increase her workload to eight-hour days over a twelve-month period. On July 17, 2009, the VA informed the Office of Workers' Compensation Programs ("OWCP") that it had concluded that "suitable employment [was] not available for her."

Subsequently, on January 8, 2010, Curry filed a second formal EEO complaint with the VA. In that EEO complaint, she alleged that the VA had retaliated against her for protected conduct and discriminated against her based on her disability by refusing to restore her in 2009. On March 4, 2011, the VA dismissed Curry's complaint.

At no point did Curry amend her December 2, 2009 civil complaint in this case to add claims based on the VA's failure to restore her in 2009. Rather, the civil complaint in this case contained only claims pertaining to events occurring between 2004 and 2008 that were the subject of her December 5, 2008 EEO complaint.[4]

---

[4]After Curry served the defendants with a different version of the complaint than the one she originally filed with the district court, the district court ordered Curry to file the version served on the defendants. On September 1, 2010, Curry did so. Accordingly, we treat the September 1, 2010 complaint as determinative of the issues before this Court. That 2010

4

On August 31, 2011, the district court granted the VA's motion for summary judgment on all of Curry's claims. Curry timely appealed.[5]

## II. DISCUSSION

The district court addressed the claims alleged in the civil complaint involving pre-December 5, 2008 events, and also addressed issues pertaining to post-December 5, 2008 events. We divide our discussion. We first affirm the district court's grant of summary judgment as to the pre-December 5, 2008 claims that were the subject of Curry's 2008 EEO complaint. However, we reverse as to the district court's grant of summary judgment as to the post-December 5, 2008 events that were the subject of her 2010 EEO complaint.

### A.    Claims at Issue on Appeal

Curry first argues that the district court erred in determining that she only preserved three claims—failure to restore or rehire her under the Federal Employees' Compensation Act, disability discrimination under the Rehabilitation Act for failure to hire her as a nurse, and retaliation in the form of surveillance— for a merits adjudication at the summary judgment stage.

---

complaint version did not add new claims and addressed events between 2004 and September 2008.

[5]We review <u>de novo</u> the district court's grant of summary judgment. <u>Mann v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1303 (11th Cir. 2009). Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

We disagree.  Contrary to Curry's insistence on appeal, the VA's motion for summary judgment asserted that all claims in her complaint failed for various reasons.  While the VA singled out certain claims for additional discussion, the VA's motion clearly moved for summary judgment on all claims.  In response, Curry addressed only the three above claims.  In particular, she never challenged the VA's position on her failure to exhaust certain claims.[6]  As a consequence, she abandoned her other claims, including those for discrimination under the Americans with Disabilities Act ("ADA") and for Title VII retaliatory failure to restore her.  See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (en banc).  Thus, the district court did not err in concluding Curry had preserved only the above three claims.  We now turn to her first claim—failure to restore or rehire her.

**B.    FECA Claim for Failure to Restore or Rehire**

The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., provides that, when an employee receiving workers' compensation benefits overcomes his or her disability,

> the department or agency which was the last employer shall, if the
> injury or disability is overcome within a period of more than one year
> after the date of commencement of compensation, make all reasonable
> efforts to place, and accord priority to placing, the employee in his

---

[6]On page 19 of the VA's summary judgment brief in the district court, the VA expressly argued that Curry had failed to exhaust her Title VII claims.

6

former or equivalent position within such department or agency, or within any other department or agency.

id. § 8151(b)(2). The accompanying regulations require that when the employee is "partially recovered" and is therefore "able to return to limited duty," the agency "must make every effort to restore [employment] in the local commuting area, according to the circumstances in [the] case." 5 C.F.R. § 353.301(d). Curry contends that the VA failed to comply with these provisions by refusing to restore her between 2004 and 2008.

The district court first concluded that it lacked subject matter jurisdiction over Curry's FECA claim. The district court also gave an alternative ruling on the merits of Curry's FECA claim.

One problem here is appellant Curry's initial brief hardly challenges the district court's jurisdiction ruling. Curry's initial appellate brief does state the district court had jurisdiction over her "mixed claim," but devotes only two conclusory sentences to the jurisdictional issue. While this Court has jurisdiction to review a district court's final judgment (concluding it lacked jurisdiction), we do not review an issue if a party abandons the issue on appeal or does not adequately address it in the party's opening brief.[7] Thus, the question arises whether Curry has adequately challenged or waived the district court's lack-of-jurisdiction ruling on her FECA claim. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th

_____

[7]Curry's reply brief does fully address the jurisdictional issue.

7

Cir. 2003) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate."); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that passing references to an issue without "elaborat[ion] [of] arguments on the merits" constitutes a waiver); see also United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004) ("[T]his Court . . . repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."); United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) ("Parties must submit all issues on appeal in their initial briefs.").

Ultimately, given that the district court made an alternative ruling on the merits of Curry's FECA claim and both parties' appellate briefs fully address the merits of Curry's FECA claim, we do not decide the various waiver issues because Curry's FECA claim so clearly fails on the merits in any event. Here, Curry's civil complaint challenged the VA's failure to restore or rehire her as a nurse during 2004 to 2008. Even assuming Curry was partially recovered and able to work some, Curry, at most, would have been "entitled to be considered for the position [she] held at the time of injury, or an equivalent one." 5 C.F.R. § 353.301(d) (providing even a fully recovered employee is only entitled to consideration for the prior position or an equivalent one). The VA was not, and could not be, obligated

8

to provide Curry with a wholly different position (that is a nurse) than the one she previously occupied (a typist).[8]

Moreover, Curry points to nothing in the record that suggests that the VA did not make "reasonable efforts" to return Curry to employment.  Rather, the record shows that, between 1997 and 2008, the VA repeatedly offered Curry positions similar to her prior one.  On this record, we conclude that the VA complied with its FECA statutory obligations during 2004–2008.

## C.    Rehabilitation Act Claim of Disability Discrimination

We also conclude that Curry did not make a prima facie showing of disability discrimination under the Rehabilitation Act, and the VA was entitled to summary judgment on that claim too.  The Rehabilitation Act "prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability."  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000); see 29 U.S.C. § 794(a).   The elements of a Rehabilitation Act claim are that: (1) "an individual has a disability;" (2) "the individual is otherwise qualified for the position;" and (3) "the individual was subjected to unlawful discrimination as the result of his disability."  Mullins, 228 F.3d at 1313.

---

[8]For the first time on appeal, Curry now argues that she based her FECA claim on the VA's failure to offer her any position, not just a nurse position.  Because she did not make this argument before the district court, she waived it.  See Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003).

Under the Rehabilitation Act, a plaintiff can prove disability discrimination through either direct evidence of discrimination, or through circumstantial evidence.  If the plaintiff relies on circumstantial evidence, the McDonnell-Douglas[9] burden-shifting framework applies.  Accordingly, the plaintiff must establish a prima facie case for discrimination, the defendant must offer a legitimate, non-discriminatory justification for the employment decision, and the plaintiff must ultimately prove that the defendant's justification is a pretext for discrimination.  See Wascura v. City of S. Miami, 257 F.3d 1238, 1242 (11th Cir. 2001) (applying the burden-shifting analysis to an ADA claim); see also Sutton v. Lader, 185 F.3d 1203, 1207 n.5 (11th Cir. 1999) (stating that the ADA rules and standards apply to Rehabilitation Act claims).

There is no direct evidence of discrimination in the record here.  The record materials that Curry alleges constitute direct evidence were prepared in 2009.  However, as discussed, Curry agrees that the claims in this case pertain to only pre-December 5, 2008 actions.  Moreover, the materials that Curry cites—the VA's letters stating that it could not offer her a position in 2009—are not direct evidence of disability discrimination.  Because there is no direct evidence, we consider whether Curry established a prima facie case.

---

[9]McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).

On appeal, the VA concedes that Curry's evidence established the first element—that she "has a disability"—of a prima facie case.[10]  But, as the VA argues, Curry did not establish the second element.

This second element requires a court to consider whether a plaintiff is a "qualified individual," meaning that she, with or without any reasonable accommodation, can perform the essential functions of the job.  42 U.S.C. § 12111(8).  We conduct a two-step inquiry.  First, we ask whether a plaintiff can perform the essential functions of the job.  If the plaintiff cannot, we ask whether any reasonable accommodation would allow her to do so.  Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255–56 (11th Cir. 2001).

The plaintiff bears the burden of proposing an accommodation and demonstrating that the accommodation would allow her to perform the essential functions of the job.  The plaintiff also bears "the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable."  Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1286 (11th Cir. 1997).  The Rehabilitation Act does not require an employer "to accommodate an employee in any manner in which that employee desires."  Terrell v. USAir, 132

[10]We recognize that the district court determined otherwise.  However, we accept the VA's concession to the contrary and consider the evidence as to the other elements.  See Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 507 F.3d 1306, 1310 (11th Cir. 2007).  In light of the VA's stipulation, we need not address whether the district court properly declined to apply the Americans With Disabilities Amendments Act of 2008 ("ADAAA").

11

F.3d 621, 626 (11th Cir. 1998) (internal quotation marks omitted).  A proposed accommodation is not reasonable when it "would impose an undue hardship on an employer."  Stewart, 117 F.3d at 1285.

Curry's proposed accommodation was a transfer to a nursing position with a four-hour workday, gradually increased to a full workday over one to two months.  The evidence showed that offering Curry a position as a nurse would have resulted in granting Curry a promotion.[11]  We have previously held that the Rehabilitation Act "does not require the employer . . . . to promote a disabled employee."  Lucas, 257 F.3d at 1256.  Moreover, Curry requested that she be hired to a part-time nursing position, albeit with the hope of transitioning into a full-time position.  The evidence did not show that the VA employed part-time nurses between 2005 and 2008.  The Rehabilitation Act does not require an employer to create a position for a disabled employee.  Sutton, 185 F.3d at 1211.[12]  Additionally, Curry did not establish that she could perform the essential functions of being a VA nurse.  Curry's academic degrees alone did not conclusively establish that Curry, with her

[11]The evidence showed that a nurse position paid 224 percent more than Curry's previous typist position.  Such a dramatic pay increase strongly indicates that Curry's proposed nurse position would be a promotion.

[12]Curry points to evidence suggesting that the VA previously offered restored employees higher-level or part-time positions.  Such evidence is irrelevant.  As the Fourth Circuit has noted, "[a] particular accommodation is not necessarily reasonable, and thus federally mandated, simply because the [employer] elects to establish it as a matter of policy."  Myers v. Hose, 50 F.3d 278, 284 (4th Cir. 1995); see Duckett v. Dunlop Tire Corp., 120 F.3d 1222, 1226 (11th Cir. 1997).

12

disability, could adequately manage the demands and the stress of providing nursing care to the VA's patients.

Because we determine that Curry did not satisfy the second element of the prima facie case, we need not consider whether she satisfied the third requirement of showing that she suffered an adverse employment action, caused solely by her disability. Moreover, we need not consider whether the VA came forward with a legitimate, non-discriminatory explanation for its action, or whether Curry showed that such an explanation was merely a pretext for discrimination.

## D.    Rehabilitation Act Claim of Retaliation

Curry also claimed that the VA retaliated against her by placing her under continuous surveillance beginning in August 2005. The evidence showed, and the VA acknowledges before this Court, that it hired a private investigation firm to conduct surveillance of Curry for three days in August 2005. The VA did so because a VA workers' compensation administrator learned that Curry had obtained a nursing degree, and the administrator wondered whether Curry remained totally disabled and eligible for workers' compensation benefits. However, other than Curry's conclusory statement in her affidavit, there was no evidence showing that Curry was under surveillance after August 2005.

The Rehabilitation Act prohibits retaliation against an employee who has opposed disability discrimination. 29 U.S.C. § 791(g); 42 U.S.C. § 12203(a). A

13

federal employee who alleges that she is the victim of discriminatory or retaliatory conduct must initiate administrative review within 45 days of the alleged discriminatory or retaliatory act. Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008); see 29 C.F.R. § 1614.105(a)(1). The EEOC's regulations provide that the 45-day time limit "shall extend . . . when the individual shows that he or she . . . did not know and reasonably should not have been known [sic] that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105.

Curry's claim fails because she did not timely exhaust administrative remedies. Curry did not begin administrative review of this claim until September 18, 2008, when she contacted an EEO counselor. Nevertheless, she conceded in her affidavit that "[i]n 2005, [she] began to notice someone conducting surveillance on [her]." Curry stated that she did not suspect that the VA was responsible for this surveillance until September 2008, when she contacted a lawyer who informed her that "the surveillance was more than likely conducted by OWCP and/or VA." Curry averred that she contacted the EEO counselor three days later.

However, a reasonable person in Curry's position would have linked the surveillance to the VA well before September 2008. Significantly, on September 7, 2006, the OWCP sent Curry a letter informing her that "[the VA's] research revealed that while attending Stamford University [sic] you earned a bachelor's

14

degree in Nursing in August 2005." A reasonable person would have linked this "research" with the 2005 surveillance. Thus, Curry should have known of the alleged discriminatory act by not later than September 7, 2006—more than two years before she initiated administrative procedures. Accordingly, her claim is barred.

Alternatively, even if Curry had timely exhausted administrative remedies as to this claim, Curry did not establish a prima facie case of retaliation. Curry was required to show that: (1) she engaged in statutorily protected expression; (2) she suffered a materially adverse action; and (3) there was some causal connection between the two events. Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997); see also Stewart, 117 F.3d at 1287. Before the district court, Curry argued that, in 1999, she engaged in a statutorily protected expression by filing a retaliation action against the VA. Due to the six-year gap between this 1999 action and the 2005 surveillance, Curry did not establish the requisite causal connection. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) ("The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal proximity, without more, must be very close." (citation and internal quotation marks omitted)).

**E.    Claims Based on Post-December 5, 2008 Conduct**

15

Curry's civil complaint at issue was filed on December 2, 2009 and contained claims based on conduct that took place on or before December 5, 2008. Although we affirm the district court's grant of summary judgment as to all claims alleged in Curry's civil complaint, we reverse as to the district court's analysis of her additional disability claims to the extent they were based on post-December 5, 2008 conduct and her 2010 EEO complaint. In footnote 11 of its summary judgment order, the district court stated that it would "consider events alleged not only in [Curry's] December 5, 2008 EEO complaint but also those alleged in her January 8, 2010 EEO complaint, despite the fact that [Curry] ha[d] not amended her judicial complaint to specifically include those subsequent acts."

The problem with footnote 11 is that the parties actually litigated the case before the district court and before this Court under the agreement that those post-December 5, 2008 claims in the 2010 EEO complaint are not at issue. For example, during Curry's deposition, the VA's attorney stated to Curry:

> Q      Okay.  Have a look at Government Exhibit No. 10.  And this is a set of documents—the—the top document is dated January 2nd, 2010.  This is another EEOC that you currently have.  And I—and I bring this up because I want to make sure you understand this is not a part of the present case that we're involved in.
>
> Do—do you understand that?

Curry then replied, "Uh-huh."  Similarly, in its memorandum supporting its motion for summary judgment, the VA argued that, other than for the two claims set forth

16

in the December 5, 2008 EEO complaint, Curry had failed to exhaust her administrative remedies. The VA did not, therefore, address the merits of any claim based on post-December 5, 2008 actions. Likewise, in her memorandum opposing the VA's summary judgment motion, Curry did not make arguments regarding post-December 5, 2008 actions.

Before this Court, the parties agree that the district court erred in addressing the post-December 5, 2008 claims in Curry's 2010 EEO complaint. Curry's appellate brief states: "Plaintiff disagrees that the Court should include acts contained in the January 8, 2010 Complaint, since no final agency decision has been issued and neither party argued nor briefed the acts contained in the 2010 EEO charge." Likewise, the VA's appellate brief states:

> Because Curry's complaint, deposition testimony, and brief before this Court make clear that her complaint did not encompass any claims at issue in her 2010 EEO claim (including her challenge to the agency's July 2009 decision not to hire her as a nurse) and because the record did not establish that those claims were administratively exhausted at the time the district court issued its decision, this Court should decline to address them.

We are required, as was the district court, to resolve the case as the parties litigated it. See Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1024 n.4 (11th Cir. 2001) (en banc). Whether the parties should have broadened the case's scope and litigated the additional claims, or whether such claims were in fact reasonably related to the claims at issue, are matters that we need not address on appeal. We

17

conclude only that the district court erred by resolving matters outside the scope of the case as the parties litigated it.

In sum, we affirm the district court's grant of summary judgment to the VA as to all claims set forth in Curry's civil complaint.  We vacate, however, footnote 11 of the district court's summary judgment order, which addressed claims based on post-December 5, 2008 conduct and Curry's 2010 EEO complaint that were not set forth in the civil complaint and not litigated by the parties in this case.

**AFFIRMED IN PART; VACATED IN PART.**