# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30182

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

JOHN CALVIN HUMPHRIES

Plaintiff - Appellee

v.

ELLIOTT COMPANY, a Delaware Corporation, formerly known as Elliott Company, I, formerly known as Elliott Turbomachinery Company, Incorporated, formerly known as Elliott Holdings, Incorporated, formerly known as Elliott Company,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before  JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Elliott Co. ("Elliott") appeals the district court's order remanding this action to Louisiana state court, and its order denying Elliott's motion for reconsideration. For the following reasons, we VACATE the district court's remand order and REMAND this case to the district court for proceedings consistent herewith.

Briefly stated, this case involves a lawsuit by Humphries against various defendants arising out of Humphries's alleged work-related exposure to asbestos and subsequent illness.  Relevant here, one of the original defendants Humphries sued was E. I. du Pont de Nemours and Company ("DuPont"),

No. 14-30182

which allegedly constructed and operated the federal facility at which Humphries was exposed to asbestos.  On August 12, 2013, Humphries filed an amended petition, in which he added for the first time claims against Elliott, which contracted with DuPont to design and manufacture turbines for use at the federal facility in question.  The next day, before Elliott was served, DuPont removed the case to federal court under 28 U.S.C. § 1442(a)(1), asserting what is known as a "government contractor defense."[1]  After the case was removed, Elliott was served, and shortly thereafter, it filed an answer in federal court in which it also asserted a "government contractor defense."  It did not file a separate notice of removal in the already-removed case, nor did it file a "joinder" in DuPont's (already completed) notice of removal.

After Humphries settled with DuPont and others, the district court *sua sponte* remanded the case to state court after first concluding that no federal questions remained and then engaging in an analysis of whether it should maintain supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367 (the "Remand Order").[2]  Elliott moved for reconsideration, arguing that "federal questions remain to be resolved in this matter, so [the

---

[1] The "government contractor defense" provides that contractors who supply military equipment to the federal government are immunized from liability under state tort law, providing they can meet the test outlined in *Boyle v. United Technologies Corporation*, 487 U.S. 500, 512 (1988).  Specifically, *Boyle* provides that, where a case concerns a "uniquely federal interest," and where a "significant conflict" exists between "an identifiable federal policy or interest and the [operation] of state law," then "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, [if] (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."  487 U.S. at 507, 512 (quotation marks omitted).

[2] The parties do not dispute the propriety of the remand if, in fact, no federal questions remain.  The parties also do not dispute the well-worn proposition that a federal court cannot decline to exercise jurisdiction over federal questions properly before it.  *Guzzino v. Felterman*, 191 F.3d 588 (5th Cir. 1999).

district court] should retain jurisdiction." Specifically, Elliott asserted that, "[b]ecause it was a federal contractor, Elliott could have removed the case under the Federal Officer Removal Statute, would have done so had DuPont not acted first, and preserved the issue in its Answer." The district court issued an order (the "Reconsideration Order") denying the motion for reconsideration, in which it concluded that Elliott waived its right to pursue its government contractor defense in a federal forum because it failed to join in DuPont's notice of removal or file its own. Elliott appealed the Remand Order and the Reconsideration Order. Our court granted Elliott's motion to stay remand pending appeal and ordered the appeal expedited.

We have jurisdiction to review Elliott's appeal of the Remand Order and the Reconsideration Order pursuant to 28 U.S.C. §§ 1291 & 1447(d).[3] We first consider the question of whether Elliott was required to file a notice of removal or a "joinder" in DuPont's notice of removal in these circumstances, where it was not served until after the case was already removed to federal court.[4] We conclude that nothing in the language of the statute or the pertinent case law requires such a meaningless act, and, therefore, the district court erred in concluding that Elliott's "government contractor defense" was irrelevant to its analysis of whether to remand to state court.

Section 1442(a) provides that:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the

---

[3] "An order remanding a case to the State court . . . is not reviewable . . . except that an order remanding a case to the State court . . . removed pursuant to section 1442 . . . shall be reviewable by appeal . . . ." 28 U.S.C. § 1447(d).

[4] We need not and therefore do not address the question of whether such a notice or joinder would be required if Elliott had already appeared before the state court at the time of DuPont's removal.

district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The purpose of § 1442(a)(1) is to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981); *see also Willingham v. Morgan*, 395 U.S. 402, 406 (1969). The Supreme Court has stated that § 1442(a)(1) is to be construed broadly and "should not be frustrated by a narrow, grudging interpretation." *Willingham*, 395 U.S. at 407; *see also State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so.").

Removal under § 1442(a), unlike removal under § 1441, does not require the consent of co-defendants. *Compare* 28 U.S.C. § 1442(a) *with* 28 U.S.C. § 1441; *see also Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992) ("[T]he ability of federal officers to remove without the consent of co-defendants is based on the language of [§ 1442]. . . . Because the Red Cross must rely on the general removal statute, 28 U.S.C. § 1441, we hold that the Red Cross must obtain the consent of co-defendants."). Notably, even when removal is effected pursuant to § 1441, only co-defendants who have been "properly joined *and served*" must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Because DuPont filed its notice of removal before Elliott had been served with

notice of this action, Elliott asserts that requiring it to file an additional notice of removal or join in DuPont's notice of removal would be superfluous, futile, and a "narrow, grudging interpretation" of § 1442(a)(1). *Willingham*, 395 U.S. at 407; *see also United States v. Tirado-Tirado*, 563 F.3d 117, 123 (5th Cir. 2009) ("The law does not require the doing of a futile act.") (quotation marks omitted). We agree.

Humphries seizes on a sentence in the case of *Mesa v. California*, 489 U.S. 121 (1989) that "*it is the raising of a federal question in the officer's removal petition* that constitutes the federal law under which the action against the federal officer arises for Art. III purposes." *Id.* at 136 (emphasis added). In context, however, it is clear that *Mesa* does not announce a rule requiring defendants in cases already removed to federal court to file a meaningless "notice of removal" or unnecessary "joinder" in order to preserve their right to a federal forum. Indeed, *Mesa* involved two defendants in two different cases and had nothing to do with the question of what procedure governs a subsequently-served defendant that wishes to avail itself of a federal forum. We hold that where a party removes a case to federal court pursuant to § 1442, a later-served defendant preserves its right to a federal forum under § 1442 by asserting the grounds for same in its answer filed after removal. Here, Elliott asserted its government contractor defense in the very first pleading it filed, such that it preserved its claim to a federal forum, and the district court erred in holding to the contrary.[5] We thus do not reach the question of whether the district court's *sua sponte* remand was an untimely remand for "defects" in removal.

---

[5] To the extent it can be read to disagree with our limited holding here, we reject the reasoning of *Morgan v. Great S. Dredging Inc.*, Civ. A. No. 11-2461, 2013 WL 1881051 (E.D. La. May 3, 2013). However, we note that *Morgan* did not involve a later-served defendant.

Having addressed that question, we now determine whether any other questions should be addressed by our court at this juncture. The parties debate whether Elliott's answer asserts a "colorable" government contractor defense supporting federal jurisdiction. Whatever the merits of this debate, it is undisputed that the district court never addressed the substance of Elliott's defense because of its (now set aside) conclusion that the defense had to be raised in a notice of removal or "joinder." "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *see also Hormel v. Helvering*, 312 U.S. 552, 556 (1941). We see no reason to alter the normal course. Accordingly, we VACATE the federal district court's order of remand to the state court and REMAND to the federal district court for further proceedings consistent herewith.