# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20601

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2017

Lyle W. Cayce
Clerk

CHERYL KIRK,

      Plaintiff–Appellant,

v.

INVESCO, LIMITED,

      Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-833

Before KING, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Cheryl Kirk sued her former employer, Defendant–Appellee Invesco, Ltd. ("Invesco"), alleging that Invesco violated the Fair Labor Standards Act ("the FLSA" or "the Act"). Kirk argued that Invesco misclassified her as an employee exempt from the overtime provisions of the Act and deprived her of overtime pay to which she was legally entitled. The district court granted summary judgment in favor of Invesco. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20601

# I. BACKGROUND

## A.     Facts

Cheryl Kirk began working as the IT Training Manager at Invesco on April 15, 2011. Beginning in 2012 or 2013, Lisa Soanes, Invesco's Head of IT Risk and Controls, Software Compliance, and IT Training, became Kirk's direct supervisor. Per employee policy, Kirk was expected to work 37.5 hours each week but was paid the same amount regardless of the actual number of hours she worked. Indeed, Kirk stated that the total number of hours and the period of time during which she worked fluctuated daily depending on when trainings were scheduled. Although she apparently used a timekeeping program, Kirk testified that these records are not accurate.[1] She explained that because these time records "don't get fed into the . . . time and attendance program that actually pays people," the program "is not a true . . . recording of anybody's hours."

Kirk testified that on average she worked more than 60 hours per week. In support of this assertion, Kirk offered the following evidence:

- Her own testimony that she worked an average of 60 hours per week and that she probably spent "about 7 to 10 hours enrolling people" in training classes per day;

- A list of work emails over five groups of consecutive days throughout three years showing emails sent before, during, and after regular work hours, including on weekends;

- GPS phone records showing that Kirk was at work for 13 hours and 38 minutes on December 9, 2013; 11 hours and 14 minutes on

---

[1] Kirk testified that when she was first hired as an employee, one of her supervisors informed her that her "time [was] not going to be billed back to any projects" and therefore the time she recorded "d[id]n't really matter." Although in 2014 Soanes told Kirk that she should accurately bill her time, Kirk testified that she chose to violate that policy going forward.

2

No. 16-20601

April 21, 2014; and 11 hours and 24 minutes on September 11, 2014;

- Her mother's testimony that (1) she observed Kirk working "on and off" about two evenings per week between 7:00 p.m. and 11:00 p.m. or 12:00 a.m.; (2) she believed Kirk "probably worked 9, 10 hours a day or longer" on weekdays, and "probably five to six hours a day on Saturday and Sunday"; (3) she observed Kirk making work phone calls using her landline before 6:00 a.m.; and (4) she believed Kirk "stayed at Invesco working many nights after what [she] thought would be . . . quitting time," sometimes not even getting home from work until around 10:00 p.m.;

- Invesco supervisor David Jordan's testimony that Kirk "indicated she had to work over the weekend, late at night" and that he had no reason to disbelieve her;

- Invesco policies showing that as IT Training Manager, Kirk was required to work 37.5 hours each week, typically during regular business hours.

Beginning in June 2015, shortly after Kirk filed this lawsuit, Soanes gave Kirk several written performance improvement plans describing alleged deficiencies in Kirk's work and conduct and detailed instructions on how to improve. On October 15, 2015, Kirk was terminated, purportedly for sending "insubordinate and unprofessional" emails and failing to timely complete assignments.

**B.     Procedural History**

On March 31, 2015, Kirk sued Invesco alleging that the company had misclassified her as an exempt employee under the FLSA and failed to pay her overtime as required by law. On December 28, 2015, Kirk filed a motion for partial summary judgment. Invesco likewise moved for summary judgment on

No. 16-20601

January 21, 2016. In May 2016, a magistrate judge recommended that the district court deny Kirk's motion and grant Invesco's. Kirk filed objections to the magistrate's recommendation, but on August 18, 2016, the district court overruled these objections and adopted the magistrate judge's recommendation. This appeal followed.

## II. DISCUSSION

### A.    Standard of Review

We review a grant of summary judgment de novo using the same standard as the district court. *Williams v. Henagan*, 595 F.3d 610, 615 (5th Cir. 2010). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 433 (5th Cir. 2005) (quoting *Steadman v. Tex. Rangers*, 179 F.3d 360, 366 (5th Cir. 1999)). "In considering a summary judgment motion, all facts and evidence must be taken in the light most favorable to the non-movant." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

### B.    Analysis

On appeal, Kirk makes four arguments: (1) she was improperly classified as an exempt employee under the FLSA's administrative exemption; (2) Invesco did not act in good faith in attempting to comply with the FLSA; (3) the time-and-a-half method of calculating overtime damages is appropriate in this case; and (4) the district court erred in holding that Kirk failed to raise sufficient evidence that she worked overtime during the relevant time period. The district court granted summary judgment only on the basis that Kirk had failed to raise an issue of material fact over whether she actually worked overtime. Therefore, this is the only issue we address on appeal. *Singleton v.*

*Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."); *Humphries v. Elliott Co.*, 760 F.3d 414, 418 (5th Cir. 2014).

"An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that she has performed work for which she alleges she was not compensated." *Harvill*, 433 F.3d at 441. Where accurate time records are unavailable—as both parties agree is the case here—an employee has met this burden of proof if she "proves that [she] has in fact performed work for which [she] was improperly compensated and if [she] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* (alterations in original) (quoting *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds by* Portal-to-Portal Act of 1947, 29 U.S.C. § 254). "The burden [then] shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (quoting *Anderson*, 328 U.S. at 687–88). In order to raise a "just and reasonable inference" as to the amount and extent of her work, an employee need not prove "the precise extent of uncompensated work." *Anderson*, 328 U.S. at 687. But an employee must provide more than mere "unsubstantiated assertions." *Harvill*, 433 F.3d at 411; *see Ihegword v. Harris Cty. Hosp. Dist.*, 555 F. App'x 372, 375 (5th Cir. 2014).

Even though Kirk presented the district court with more than just her own assertions, we agree with the district court's conclusion that this "additional evidence is insufficient to substantiate her testimony that she worked overtime." Kirk presented a list showing work emails sent before, during, and after regular work hours, including on weekends. The list, however, shows only two- to three-day snapshots of such email activity over

the course of three years. Moreover, while this record demonstrates that Kirk did work outside of normal work hours, it does not validate Kirk's assertion that she worked more than forty hours in any given week. In fact, Kirk admitted that the window during which she worked varied depending on when trainings were scheduled and that any records or logs of her work time would not account for breaks she took during the day. Accordingly, the mere existence of emails sent outside of normal work hours does not raise a justifiable inference that Kirk worked any overtime during the relevant time period.

The same reasoning applies to the other evidence Kirk presented in support of her overtime claim. The GPS phone records, which show that Kirk worked some long days, demonstrate only that she worked eleven- to thirteen-hour days three separate times over the course of two years but not that she worked more than forty hours in any week during which those days occurred. Kirk's mother's testimony likewise does not support an inference that Kirk worked overtime. Kirk's mother testified that she occasionally witnessed Kirk using the computer "on and off" in the evening, making conference calls late at night, and making work phone calls early in the morning. Nevertheless, Kirk's mother admitted that she could only remember actually seeing Invesco work on Kirk's computer four or five times and lacked any personal knowledge of how much time Kirk spent making work phone calls. Because Kirk's mother's testimony only accounts for sporadic occasions during which Kirk worked outside of typical work hours, it likewise does not raise a question of fact as to whether Kirk worked overtime. Finally, Jordan's testimony that he had no reason to disbelieve Kirk's complaints to him about working weekends and nights similarly fails to raise a question of fact as to whether Kirk worked more than forty hours in any week during the relevant time period.

Given that Kirk has presented only evidence of sporadic instances during which she worked outside of typical work hours and has admitted that the

No. 16-20601

window during which she worked varied depending on when and where trainings were scheduled, we hold that she has failed to present sufficient evidence allowing a just and reasonable inference that she worked overtime.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's summary judgment in favor of Invesco.