# United States Court of Appeals for the Fifth Circuit

———————

No. 23-11190
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2024

Lyle W. Cayce
Clerk

JACOB WHITE,

*Plaintiff—Appellant*,

*versus*

THE STATE OF TEXAS; THE CITY OF GRAPEVINE; BRUNO RUMBELOW, *City Manager in its Individual and Official Capacity*; JENNIFER HIBBS, *Assistant City Manager, in its Individual and Official Capacity*; CHRIS SMITH, *Parks and Recreation Director, in its Individual and Official Capacity*; LEIGH KAPSOS, *Library Director, in its Individual and Official Capacity*; CHAD HETTERLEY, *Assistant Library Director, in its Individual and Official Capacity*; GRACIE BURCKHARD, *Library Employee, in its Individual and Official Capacity*; KEVIN MANNING, *Police Officer, in its Individual and Official Capacity*; MIKE HAMLIN, *in his Individual and Official Capacity*; WILLIAM TATE, *Mayor, in his Individual and Official Capacity*; PAUL SLECHTA, *City Council Member, in his Individual and Official Capacity*; SHARRON ROGERS, *City Council Member, in her Individual and Official Capacity*; LEON LEAL, *City Council Member, in his Individual and Official Capacity*; DARLENE FREED, *City Council Member, in his Individual and Official Capacity*; CHRIS COY, *City Council Member, in his Individual and Official Capacity*; DUFF O'DELL, *City Council Member, in its Individual and Official Capacity*; MATTHEW BOYLE, *City Attorney, in his Individual and Official Capacity*; WILLIAM BRANDT, *Justice of the Peace, Tarrant County, in its Individual and Official Capacity*; JOHN DOE 1-20; JANE DOE 1-20,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-925

_____

Before Willett, Duncan, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Jacob White, proceeding pro se, appeals the district court's dismissal of his claims challenging the issuance and enforcement of criminal trespass warnings against him and the issuance of a peace bond in accordance with Texas law. We AFFIRM.

I

In November of 2022, the City of Grapevine Library staff called the police to report Jacob White ("White") for harassment. On November 16, 2022, a Grapevine Police Officer issued criminal trespass warnings against White notifying him that he was forbidden from entering the Grapevine Library and Recreation Center.[1] White then sent complaints, record requests, notices to preserve evidence, and requests to lift the trespass warnings to various Grapevine employees, including the Library Director, the Parks and Recreation Director, the City Manager, the Chief of Police, city council members, and the mayor. On December 2, 2022, library staff filed a police report stating that White was at the library in violation of the criminal trespass warning.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Under Texas law, a person cannot enter the property of another without consent and with notice that entry is forbidden. Tex. Penal Code § 30.05(a). "Notice" can be given through oral or written communication by the property owner or someone with apparent authority to act for the owner. *Id*. § 30.05(b).

No. 23-11190

The State of Texas issued a criminal summons for White to appear before a Justice of the Peace ("JP") in Tarrant County, Texas, at a peace bond proceeding.[2] While he was represented by counsel, White agreed to the terms of the peace bond on February 21, 2023, and a JP issued the peace bond order. Under the peace bond order, (1) the criminal trespass warnings would remain in effect, which prohibited White from visiting the Grapevine Library and Recreation Center; (2) White would pay $2,500; and (3) White would not initiate contact with any Grapevine employee or official, except for the City Attorney. If White was in full compliance with the terms for one year, the peace bond would be lifted, and White would be entitled to have the $2,500 remitted.

On September 7, 2023, White filed this federal action against the JP, in his individual and official capacities; the City of Grapevine ("City") and its employees, in their individual and official capacities; and the State of Texas. His complaint asserts 108 claims against the defendants on federal and state civil grounds and seeks millions of dollars in damages, as well as injunctive and declaratory relief. All the defendants moved to dismiss his claims. The City and its employees raised immunity defenses to his claims.

Adopting the magistrate judge's recommendation, the district court granted the defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6)

---

[2] To obtain a peace bond, under Texas Law a person must allege, under oath, that an offense is about to be committed against them. Tex. Code Crim. Proc. Ann. art. 7.01. The accused will be brought before a magistrate who will hear proof as to the accusation at a proceeding, and if there is "just reason to believe that the offense was intended to be committed, or that the threat was seriously made," the magistrate can order that the accused enter into bond, for a discretionary sum, on the condition that the accused will not commit the offense for any period of time, not to exceed one year from the date of the bond. *Id.* arts. 7.01–7.03. A justice of the peace is a "magistrate" within the meaning of the Texas Code of Criminal Procedure. *Id.* art. 2.09.

and lack of subject matter jurisdiction under 12(b)(1) and denied all outstanding motions as moot.[3] This appeal followed.

## II

We conduct a *de novo* review of dismissals under Rules 12(b)(1) and 12(b)(6), applying the same standards used by the district court. *Smith v. Hood*, 900 F.3d 180, 184 (5th Cir. 2018). Rule 12(b)(1) allows any party to challenge the district court's subject matter jurisdiction over a case. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(6) requires a plaintiff to plead sufficient facts to state a plausible claim "upon which relief can be granted." *Id.* 12(b)(6); *Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

White appeals pro se. We hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "even a liberally construed *pro se* civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III

Liberally construing White's brief on appeal, White argues the district court erred in dismissing his claims against the JP, the City, its employees, and the State of Texas.

---

[3] White moved for summary judgment on four of his claims against several defendants, but the district court dismissed the motions as moot. White argues the dismissals were erroneous. Because we affirm the district court's dismissal of White's claims, we will not address this issue. *See Am. Precision Ammunition, L.L.C. v. City of Min. Wells*, 90 F.4th 820, 827 (5th Cir. 2024) ("We lack subject matter jurisdiction to review a moot claim.") (citation omitted); *see also Humphries v. Elliott Co.*, 760 F.3d 414, 418 (5th Cir. 2014) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below." (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))).

No. 23-11190

A

White argues the district court erred when it dismissed his claims against the JP because he violated White's due process rights by issuing and lying on the peace bond. The district court dismissed all claims against the JP under Rule 12(b)(1) for lack of subject matter jurisdiction, finding that White did not have standing to sue the JP in federal court for an unfavorable outcome in a state court proceeding.

"[S]tanding is required before a federal district court can exercise subject matter jurisdiction." *Arbraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022). A plaintiff must prove (1) injury in fact, (2) traceability, and (3) redressability to establish Article III standing. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Because the record does not reflect that the JP lied on the peace bond, and a judge "acting purely in his adjudicative capacity" is not a proper party in an action challenging a state law, *id.* at 359, we find that the district court did not err by dismissing White's claims against the JP for lack of standing.

B

White argues the district court erred by dismissing his claims against the City and its employees in their official and individual capacities because City officials violated his constitutional rights.

White argues that the district court erred in dismissing his federal claims against the City because he pleaded sufficient facts to state a claim for municipal liability. To establish municipal liability under § 1983, a plaintiff is required show a policymaker, an official policy or custom, and a violation of constitutional rights whose "moving force" is the execution of said custom or policy. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Here, White asserts that it was the City's policy to usurp his constitutional rights by issuing trespass warnings and commencing the peace bond

5

proceeding against him in accordance with Texas law. The district court properly concluded that White failed to plead sufficient facts to identify a city policy or custom, not a state law, that was the "moving force" behind any constitutional violation.[4]

The district court properly dismissed the claims against the City employees in their official capacities because "an official-capacity suit is . . . to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

White specifically argues that the individual capacity claims against the City employees are not barred by qualified immunity. The district court dismissed the individual capacity claims, finding that White failed to assert sufficient facts to support legally cognizable claims against the City employees and failed to rebut their qualified immunity defense. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We agree. Qualified immunity shields government officials performing discretionary functions from civil liability. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). "To defeat a defendant's assertion of qualified immunity, the plaintiff must show '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Trevino v. Iden*, 79 F.4th 524, 530–31 (5th Cir. 2023) (citations omitted). Based on our *de novo* review of the record, we agree that White failed to plead sufficient facts to show a violation of his rights by the City employees.

---

[4] White also brought various tort claims against the City. The district court dismissed those claims finding that the City was entitled to sovereign immunity. Because White failed to brief the issues on appeal, they are forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").

No. 23-11190

C

White argues that the district court erred when it dismissed his claims against the State of Texas because his claims are not barred by the Eleventh Amendment. Unless a state has waived its Eleventh Amendment immunity, it cannot be sued in federal court by private individuals. *Bd. of Trs. of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001). Here, White failed to identify any waiver or exception to Texas's immunity. Because White failed to meet his burden to show that jurisdiction exists to adjudicate his claims against the State of Texas, the district court's dismissal of his claims against the State was proper.

Finally, because there were no remaining federal law claims, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over White's state law claims. *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

IV

We AFFIRM the district court's dismissal of White's claims, and all outstanding motions are DENIED as moot.