# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

No. 11-60244
Summary Calendar

Lyle W. Cayce
Clerk

MARY HARMON,

Plaintiff - Appellant

v.

JOURNAL PUBLISHING COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:08-CV-174

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mary Harmon appeals the district court's grant of Journal Publishing Company's ("Journal Publishing") motion to enforce settlement. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60244

## FACTS AND PROCEEDINGS

Mary Harmon was employed for approximately three years in Journal Publishing's press department. After being terminated for excessive absences in April 2007, Harmon filed a Title VII suit in July 2008 alleging sexual harassment and retaliation.

The district court conducted a case management conference in December 2008 and set a trial date of November 30, 2009. After limited discovery, a final pre-trial conference was conducted on November 4, 2009, during which settlement was discussed. While Harmon claims to not remember the settlement discussions, Harmon's then-counsel recalled that the conference ended with Harmon demanding $50,000 and Journal Publishing tentatively offering $5,000. Settlement discussions continued via email and phone calls after the pre-trial conference and the case was eventually settled for $9,600 on November 14, 2009, through communications between counsel. Harmon's counsel believed he was acting under full authority to negotiate the settlement on her behalf.

Shortly after the agreed upon settlement, Journal Publishing tendered a release and a check for the settlement amount to Harmon's counsel on November 24, 2009. However, at this point, Harmon indicated to her counsel that she would not accept the settlement. The settlement remained in limbo for several months. On February 9, 2010, counsel for Journal Publishing had the settlement check and release hand-delivered to Harmon's counsel. Based on Harmon's continued refusal to accept the settlement, Harmon's counsel withdrew from the representation in June 2010.

Seeking finality, Journal Publishing moved to enforce the settlement on August 9, 2010, arguing that Journal Publishing had no reason to believe Harmon's counsel did not have full authority to enter into a settlement. Harmon, now acting pro se, discussed the settlement in September 2010 with

No. 11-60244

Journal Publishing's counsel and continued to maintain that she had not given her consent to settle the case for $9,600.

The district court subsequently held an evidentiary hearing on Journal Publishing's motion to enforce the settlement. Following the hearing, the court found that Harmon had not offered affirmative proof to overcome the presumption that her counsel had general authority to settle the case and that, in fact, "it is very clear that you left him with general authority to settle the case." The court accordingly ordered that the settlement be enforced.

Harmon, acting pro se, raises four issues on appeal, three of which relate to the merits of her Title VII claim against Journal Publishing. Because the district court never addressed the merits of Harmon's Title VII claims, we do not consider the merits claims and address only whether the district court erred in enforcing the settlement agreement. *Del Bosque v. AT&T Adver., L.P.*, 441 F. App'x 258, 260 (5th Cir. 2011).

## STANDARD OF REVIEW

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). We review the district court's exercise of this inherent power for abuse of discretion. *Deville v. United States*, 202 F. App'x 761, 762 (5th Cir. 2006) (unpublished) ("The ultimate decision to grant a motion to enforce a settlement agreement is reviewed for abuse of discretion."). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc) (internal quotation marks omitted).

## DISCUSSION

The validity and enforcement of settlement agreements regarding Title VII claims is reviewed under federal law. *Fulgence v. J. Ray McDermott & Co.*, 662

F.2d 1207, 1209 (5th Cir. 1981). Under federal law, agreements to settle Title VII claims must be entered into voluntarily and knowingly. Such settlements are not required to be reduced to writing and oral settlement agreements are enforceable. Additionally, under federal law, "'[o]ne who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity.'" *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 392 (5th Cir. 1984) (quoting *Callen v. Pa. R.R. Co.*, 332 U.S. 625, 630 (1948)). Under *Mid-South*, the party opposing enforcement of the settlement based on a challenge to the validity of the agreement must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement. 733 F.2d at 390. While an attorney may not settle a case without express authority, "an attorney of record is presumed to have authority to compromise and settle litigation of his client." *Id.* (quotation and citation omitted). The burden, therefore, lay with Harmon to establish before the district court that there was some basis for holding that Harmon's counsel of record did not have authority to settle the litigation on her behalf and that the settlement agreement was invalid.

We see no basis to hold that the district court abused its discretion by enforcing the settlement. The district court held an evidentiary hearing as required under *Mid-South* and, after receiving evidence from both Harmon and Journal Publishing, found that Harmon had given her counsel the requisite general authority to settle the case. Her brief before this court fails to identify any erroneous fact findings or conclusions of law by the district court, nor does a review of the hearing transcript reveal any errors in the court's application of the law to the facts. Harmon failed to meet her burden in establishing that the settlement agreement was invalid and the district court did not abuse its discretion.

No. 11-60244

## CONCLUSION

We AFFIRM the district court's order granting Journal Publishing's motion to enforce settlement.