# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 19-60194

———————

PATRICIA MELONEE WISE,

> Plaintiff–Appellant,

v.

ROBERT WILKIE, SECRETARY, U.S. DEPARTMENT OF VETERANS
AFFAIRS,

> Defendant–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2020

Lyle W. Cayce
Clerk

———————

Appeal from the United States District Court
for the Southern District of Mississippi

———————

Before WIENER, GRAVES, and WILLETT, Circuit Judges.

DON R. WILLETT, Circuit Judge:

This decade-old employment dispute between Patricia Wise and her employer, the U.S. Department of Veterans Affairs, concerns not the merits of Wise's disability-discrimination claim, but rather the enforceability of the parties' settlement agreement—actually, agreements (plural). We vacate and remand to the district court for an evidentiary hearing on whether the latest agreement is enforceable or instead should be rescinded for mutual mistake.

No. 19-60194

## I. BACKGROUND

Patricia Wise sued the Secretary of Veterans Affairs in 2011, alleging disability discrimination and retaliation in violation of the Rehabilitation Act. Several months later, the parties signed a settlement agreement, seemingly resolving the matter. The district court dismissed the case with prejudice but retained "jurisdiction for enforcement, if necessary, of the terms and conditions of the Settlement Agreement and Release."

In 2015, Wise filed a motion to enforce the 2011 settlement agreement, alleging that the VA reassigned her to a different position than the one stipulated in the settlement agreement.[1] The district court held an evidentiary hearing and then referred the case to a magistrate judge for a settlement conference to "explore a global resolution of all claims and grievances." In January 2016, the parties reached a new settlement. But this time there was no written, signed agreement; rather, the magistrate judge had Wise's attorney "put the settlement on the record." In relevant part, the settlement states:

- Wise "immediately will apply for federal disability retirement benefits . . . . If the disability application is granted, the Department of Veterans Affairs will pay [Wise] $150,000."

- While the disability-retirement application is pending, Wise "will continue the administrative exhaustion of all of her pending EEO charges."

- "If the application for disability is granted, all EEO charges shall be dismissed and [Wise] will provide a general release to the Department of Veterans Affairs except for her pending workers' comp[ensation] claims which are pending through . . . the [Department of Labor's Office of Workers' Compensation Programs]."

---

[1] Specifically, Wise alleged that, after "assert[ing] her right to [t]elework," she was reassigned to a position for which telework was not feasible.

2

No. 19-60194

During the settlement conference, after these agreed-upon terms had been read onto the record, Wise raised the matter of an Office of Workers' Compensation Programs claim for medical benefits and lost pay under the Federal Employees' Compensation Act.[2] Counsel for the VA, however, stated that the agency "can't agree to her being paid for lost pay [through FECA] when [it's] paying her for lost pay," referencing the VA's $150,000 payment to compensate Wise for the time that her disability-retirement application was pending. Plus, the VA clarified that the agreement contemplated that Wise's disability-retirement benefits would be the replacement for lost wages.[3] Wise indicated that she was pursuing an OWCP claim for payment "for treatment she has for her eye. That's all." And Wise agreed to the terms read onto the record "as long as [she could] continue the *medical* from workman's comp."

Almost three years later, Wise filed another motion to enforce the settlement agreement. The VA opposed this motion and filed a cross-motion to enforce settlement, which the district court granted. The district court concluded that "the bulk of Wise's complaints in her motion have nothing to do with the terms of the settlement agreement." Plus, the district court "agree[d] with the [VA]'s construction of the settlement agreement," meaning that its obligation to pay Wise $150,000 was contingent on her retiring on disability retirement.[4] And Wise had been granted disability retirement in July 2017.

---

[2] FECA is the statutory scheme under which federal civilian employees (or eligible survivors) may receive various types and amounts of compensation for work-related injuries or illnesses. 5 U.S.C.A. § 8102(a). The Secretary of Labor through his designee, the Director of the Office of Workers' Compensation Programs, administers and implements the Act. 20 C.F.R. § 10.1. *See also* 5 U.S.C.A. §§ 8124(a), 8145, 8149.

[3] VA Attorney: "[W]e don't want to have it in the settlement agreement that we're tacitly agreeing that [Wise] can recover lost wages in a workers' comp case *when her disability is supposed to be the replacement of that.*"

[4] The district court explained that "[t]he only reasonable construction of the parties' agreement regarding Wise's ability to pursue workers' compensation is that it would be available to her until she was granted disability 'retirement,' at which point she would retire

No. 19-60194

But over a year later, Wise had still not accepted it—instead remaining on workers' compensation. So the district court ordered Wise to "submit the paperwork necessary to elect disability retirement" within ten days of its order. The district court also ordered that, "[o]nce the paperwork is submitted, the [VA] shall remit the $150,000 settlement payment to Wise, and Wise shall provide the general release contemplated in the January 28, 2016 settlement agreement."

Wise did not submit this paperwork. Instead, she filed a motion for reconsideration, which the district court denied, noting that Wise did not challenge its construction of the settlement agreement. And the district court held that Wise's new request to be paid the $150,000 at the time of some future conversion to disability retirement—should such a conversion occur—was at odds with the settlement agreement as articulated on the record. In addition, the district court found that Wise forfeited the affirmative defense of illegality of the settlement agreement because she failed to raise it until her reply brief for the motion for reconsideration. Wise timely appealed.

## II. STANDARD OF REVIEW

We review issues of subject-matter jurisdiction de novo.[5] "[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties."[6] We review the district court's exercise of this inherent power for abuse of discretion.[7] "A district court abuses

---

and receive $150,000. In other words, the plain language of the agreement indicates Wise would retire."

[5] *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 972–73 (5th Cir. 2015).

[6] *Bell v. Schexnayder,* 36 F.3d 447, 449 (5th Cir. 1994).

[7] *Harmon v. Journal Publ'g Co.*, 476 F. App'x 756, 757 (5th Cir. 2012) (per curiam) (unpublished); *Deville v. United States,* 202 F. App'x 761, 762 (5th Cir. 2006) (unpublished) ("The ultimate decision to grant a motion to enforce a settlement agreement is reviewed for abuse of discretion.").

No. 19-60194

its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts."[8]

Similarly, we review a motion for reconsideration for abuse of discretion.[9] To the extent the ruling was a reconsideration of a question of law, we review the decision de novo.[10] The motion must clearly establish "a manifest error of law or fact" and cannot be used to raise arguments which could—and should—have been made before the judgment issued.[11] "Moreover, [it] cannot be used to argue a case under a new legal theory."[12]

## III. DISCUSSION

### A.    The district court properly exercised jurisdiction to decide the motions to enforce and subsequent motion for reconsideration.

Wise argues that the district court lacked subject-matter jurisdiction because FECA precludes judicial review.[13] We disagree.

Here, the district court's jurisdiction is based on its inherent authority to enforce settlement agreements and its express retention of jurisdiction in this case. We have long recognized a district court's "inherent power to recognize, encourage, and when necessary enforce" parties' settlement agreements.[14] Plus, the district court's dismissal order expressly retained

---

[8] *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 310 (5th Cir. 2008) (en banc) (internal quotation marks omitted).

[9] *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005).

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *See* 5 U.S.C. § 8128(b).

[14] *Bell,* 36 F.3d at 449.

5

No. 19-60194

"jurisdiction for enforcement, if necessary, of the terms and conditions of the Settlement Agreement and Release entered into by the parties."[15]

But Wise argues that 5 U.S.C. § 8128 precludes the district court from asserting jurisdiction. Section 8128 states:

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter [pertaining to FECA] is--(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

In other words, if a party attempted to challenge the Department of Labor's decision to grant or deny FECA benefits, § 8128 would bar judicial review. The Supreme Court has recognized that a statute's "clear and explicit withdrawal of [courts'] jurisdiction withdraws jurisdiction."[16] But § 8128's text does not broadly restrict a federal court's general subject-matter jurisdiction over enforcement of settlement agreements.

The bulk of Wise's argument on this issue resembles a string cite in paragraph form. But none of the cited cases is on point, and only one is even from the Fifth Circuit. Wise string-cites numerous, nonbinding decisions that are dissimilar and thus unhelpful. For example, this case does not involve a challenge to the Labor Department's grant, denial, or reduction of FECA benefits or attorney fees in FECA proceedings.[17] And the lone Fifth Circuit case

---

[15] *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (explaining that the district court retains ancillary jurisdiction to enforce a settlement where the dismissal order expressly retains jurisdiction over the settlement agreement). The district court also included similar language on the record following the 2016 settlement conference.

[16] *See, e.g., Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 468 (2007) (emphasis omitted).

[17] *See Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006) (holding that federal courts lack subject-matter jurisdiction over an employee's claim that a letter from OWCP threatening to reduce his FECA benefits unless he cooperated with its vocational rehabilitation efforts violated his due process rights); *Hamby v. Janer*, 808 F.2d 1433, 1434

cited is inapplicable because here there's no issue about a failure to exhaust administrative remedies; Wise applied for FECA benefits through the Department of Labor.[18] Wise also cites—and misinterprets—decisions of a federal district court and of the Merit Systems Protection Board.[19]

Wise concludes her string cite with a more extended discussion of *Curry v. Secretary, Department of Veterans Affairs*, where a former VA typist obtained her nursing degree while receiving FECA benefits for total disability, applied for a nursing job with the VA but was not hired, and then sued for failure to restore or rehire under FECA and disability discrimination under

---

(11th Cir. 1987) (holding that federal courts lack jurisdiction to review the Secretary of Labor's approval or disapproval of a claim for legal fees for services rendered during proceedings under FECA); *Anderson v. United States*, 16 Cl. Ct. 546, 549 (1989) (holding that the decision of the Employees Compensation Appeals Board denying an employee's claim for FECA disability benefits was not subject to judicial review); *Soeken v. Herman*, 35 F. Supp. 2d 99, 103−04 (D.D.C. 1999) (holding that the Secretary's alleged violations of a clear statutory mandate when denying FECA benefits are not subject to judicial review under FECA, but judicial review of the Secretary's constitutional violations in making decisions regarding workers' compensation benefits is not precluded).

[18] *Cf. Martin v. U.S. Post Office*, 752 F. Supp. 213, 217−18 (N.D. Tex. 1990), *aff'd*, 929 F.2d 697 (5th Cir. 1991) (determining that a federal employee seeking FECA benefits could not proceed in federal court for failure to first submit a claim to the Secretary of Labor).

[19] Contrary to Wise's assertion, *Sloan v. United States Postal Service* does not show the "finality and unreviewability" of federal workers' compensation benefits. Rather, in *Sloan*, the Merit Systems Protection Board found that an employee who received FECA benefits for pecuniary losses (i.e., lost pay and medical bills) due to a work-related injury was not precluded from receiving an award of non-pecuniary compensatory damages (i.e., for emotional distress) under Title VII for discrimination arising from the same injury. 77 M.S.P.R. 58, 69−70 (M.S.P.B. 1997). *Sloan* is unpersuasive. Sloan's eligibility for FECA benefits was not at issue, and—unlike this case—there was no settlement to enforce where the parties had agreed which benefits Sloan would pursue and awards she would receive.

And Wise's citation to *Kassel v. United States Veterans Administration* arguably undercuts her jurisdictional argument. Where the Secretary of Labor denied a VA employee FECA coverage for alleged injuries due to VA officials' adverse personnel actions, the district court held that the employee was not barred from bringing an action for intentional infliction of emotional distress under the Federal Tort Claims Act on the ground that there remained a substantial question of coverage under FECA. 682 F. Supp. 646, 656−57 (D.N.H. 1988).

the Rehabilitation Act.[20] Wise argues that, "[u]nder *Curry*, [she] is protected to seek both separate remedies, her Rehabilitation Act claim and her FECA claim." First, Wise bases this argument on dicta in an unpublished case from another circuit. Second, Wise misapplies *Curry*, which does not provide guidance about a court's jurisdiction to enforce a settlement agreement. Rather, the Eleventh Circuit avoided the only jurisdictional issue due to potential waiver and instead focused on the district court's alternate ruling on the merits because "Curry's FECA claim so clearly fails on the merits."[21] Finally, *Curry* deals with a FECA provision that is not at issue in this case and has nothing to do with FECA benefits.[22] Like the other cases Wise cites, *Curry* offers her no help.

Wise also points to 20 C.F.R. § 10.15, which states, "No employer or other person may require an employee or other claimant to enter into any agreement . . . to waive his or her right to claim compensation under the FECA. No waiver of compensation rights shall be valid." Notably, this is a regulation—not a statute—and "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction."[23] Even if § 10.15 were a statute, there is no reasonable reading of its text that would restrict a federal court's general subject-matter jurisdiction over enforcement of settlement agreements. As the government points out, the district court's consideration of

---

[20] 2013 WL 2161791, 518 F. App'x 957, 963 (11th Cir. 2013) (unpublished).

[21] *Curry*, 518 F. App'x at 963.

[22] FECA states that, when an employee receiving workers' compensation benefits overcomes his or her disability, "the department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position within such department or agency, or within any other department or agency." 5 U.S.C. § 8151(b)(2).

[23] *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) (citing U.S. CONST. art. III, § 1).

the effect of Wise's subsequent FECA claim on the settlement agreement in light of § 10.15 did not deprive it of jurisdiction to decide whether—and under what terms—that agreement should be enforced, provided that any relief ordered does not override any "action of the Secretary [of Labor] in allowing or denying a payment" of a FECA claim.[24]

Ultimately, the district court had subject-matter jurisdiction to decide the motion to enforce and subsequent motion for reconsideration.

## B.    The district court did not err in concluding that the settlement agreement does not allow Wise to receive $150,000 because she has not elected disability retirement.

The district court concluded that the settlement agreement required Wise to elect disability retirement as a precondition to receiving the $150,000.

---

[24] 5 U.S.C. § 8128(b). Plus, Wise's own conduct undermines her argument: She did not raise this jurisdictional argument until her reply in support of her motion to reconsider—meaning that, after seeking the district court's assistance on multiple occasions over the preceding years regarding enforcement of the settlement agreement, she suddenly decided that the same court lacked jurisdiction. Even now, Wise invokes the district court's jurisdiction to secure her $150,000, but also denies that the court has jurisdiction to enforce other aspects of the settlement agreement.

Rather than focusing on jurisdiction, Wise's stronger argument invoking § 10.15 is that the district court's construction of the settlement agreement violates that provision, rendering the agreement illegal. But Wise failed to make this argument on appeal, so it is forfeited. *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (explaining that "[f]ailure adequately to brief an issue on appeal constitutes [forfeiture] of that argument" and finding that argument was [forfeited] where a party "fail[ed] to raise it in its opening brief").

No. 19-60194

Wise failed to challenge this finding in her motion for reconsideration[25] or adequately raise this issue in her brief on appeal, so it is forfeited.[26]

Wise's opening appellate brief contains only one paragraph—without a single citation—that touches on the construction of the settlement agreement's language.[27] Without support, Wise simply states that the $150,000 "was in settlement of [her discrimination and retaliation] claims." And then Wise argues the district court erred by ordering her to forego FECA benefits, and that, "[a]t the time of the settlement conference" during which the terms were recorded, she "had not yet completed her application for benefits," such that "[n]o issues concerning those benefits . . . had at any point been raised and were not before the court." But that argument doesn't save her because it fails to address the court's conclusion that the consideration the government sought

---

[25] In her Motion for Reconsideration, Wise requested "to continue participating in the [FECA] program pending converting to . . . disability . . . retirement, when necessary, and, *at the time of the conversion,* receive the $150,000.00 settlement amount." (emphasis added). Wise's appellate briefs request the following relief: "This case should be remanded and the VA directed to pay [Wise] $150,000.00 and allow her to receive Workers' Compensation benefits." So Wise has abandoned her request for this alternative form of relief and is again demanding immediate payment as she did in her second motion to enforce. Regardless of her intent, Wise failed to argue that the district court abused its discretion by denying her Motion for Reconsideration for a new form of relief, so the argument is forfeited. *Procter & Gamble Co.*, 376 F.3d at 499 n.1.

Even had Wise not forfeited this argument on appeal, the district court did not abuse its discretion by concluding that Wise's Motion for Reconsideration failed to argue that the district court's construction of the settlement agreement involved a "manifest error[] of law or fact," *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (outlining standards applicable to motions to reconsider pursuant to Federal Rule of Civil Procedure 59(e)), and that Wise's new prayer for relief "conflicts with the terms of the settlement as read into the record by Wise's attorney." Plus, a motion for reconsideration cannot be used to raise arguments that could—and should—have been made before the judgment issued or to argue a case under a new legal theory. *See Ross*, 426 F.3d at 763.

[26] *See, e.g., Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 926−27 (5th Cir. 2008).

[27] *See L&A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (finding forfeiture for failure to cite authority); *Torres-Aguilar*, 352 F.3d at 936 n.2 (stating that appellant abandoned argument where he "only briefly mention[ed] it in a single footnote of his opening brief, without providing any legal citation or analysis").

in exchange for a $150,000 payment included Wise's retirement if the Office of Personnel Management granted her disability retirement benefits. In her reply brief on appeal, Wise more effectively addressed the court's construction of the settlement agreement, but that is too little too late.[28] Wise forfeited any argument that the district court's construction of the agreement was clearly erroneous.[29]

But even assuming no forfeiture, Wise fails to show that the district court's factual finding was clearly erroneous. When considering a motion to enforce, we give deference to the district court's factual findings unless they are clearly erroneous.[30] Wise suggests an alternative to the VA's reading of the terms—which the district court had adopted—but her alternative reading is unpersuasive.[31] We agree with the district court that the VA "would not [have] agree[d] to pay Ms. Wise $150,000 for her to receive over $100,000 annually from [workers' compensation,] which the VA must also pay out of its budget." Rather, as the district court explained, the most forthright interpretation of the parties' agreement regarding Wise's ability to pursue workers' compensation is that those *medical* benefits would be available until she was

---

[28] *Procter & Gamble Co.*, 376 F.3d at 499 n.1 (explaining that "[f]ailure adequately to brief an issue on appeal constitutes [forfeiture] of that argument" and finding that argument was [forfeited] where a party "fail[ed] to raise it in its opening brief").

[29] *Id.*; *see also Sanders*, 553 F.3d at 926−27.

[30] *See generally Harmon*, 476 F. App'x at 757.

[31] Under Wise's interpretation of the agreement, the VA would pay her $150,000 for a release of her claims upon eligibility for disability retirement while she remains on the VA's payroll—costing it over $100,000 annually to reimburse OWCP for Wise's FECA benefits—until she decides to elect disability retirement. But if the $150,000 was only in exchange for a release of claims, there would be no need to tether it to eligibility for retirement benefits.

Plus, during the settlement conference, the VA explicitly rejected Wise's proposal that she be able to pursue both "medical benefits and any benefits such as lost pay" under FECA. The settlement conference dialogue shows that limiting Wise's FECA remedies was critical to the settlement agreement.

granted disability retirement benefits, at which point she would retire and collect the $150,000. In sum, even if Wise didn't forfeit the argument, she failed to prove that the district court clearly erred in this factual finding.[32]

## C.    The district court must hold an evidentiary hearing to determine whether the settlement agreement is enforceable.

The parties now agree that Wise retains the choice whether to accept disability retirement or FECA benefits, pursuant to 20 C.F.R. § 10.15. In other words, the court cannot order Wise to immediately retire on disability retirement. But Wise argues that the court should compel the VA to pay her $150,000 anyway and that she should be permitted to continue collecting FECA benefits. As previously discussed, that argument is unavailing.[33] In contrast, the VA argues that there was a mutual mistake as to a central premise of the agreement that warrants vacating and remanding to the district court to determine whether the settlement agreement should be rescinded. Specifically, the VA argues that the parties mistakenly believed that the settlement agreement would require Wise to both retire on OPM disability retirement and dismiss her pending claims against the VA in exchange for the $150,000, which would violate § 10.15 and thus be unenforceable.

Mutual mistake "is sufficient ground for rescission or cancellation of such an agreement."[34] "One who attacks a settlement must bear the burden of

---

[32] Based on this record, the district court did not abuse its discretion by denying Wise's motion to enforce because she had not satisfied the essential terms of the agreement, which required Wise to elect the disability retirement benefits upon eligibility—as well as dismiss her pending claims—to obtain the $150,000.

Although under 20 C.F.R. § 10.15 Wise cannot be required to elect disability retirement benefits instead of FECA wage-loss benefits, Wise cannot ignore a term that the parties intended would apply yet enjoy the benefit predicated on compliance with that term.

[33] *See supra* Part III.B.

[34] *Md. Cas. Co. v. McWilliams*, 175 F.2d 475, 476 (5th Cir. 1949); *accord Equitable Mortg. Corp. v. Mortg. Guar. Ins. Corp.*, 791 F. Supp. 620, 622−23 (S.D. Miss. 1990) (applying Mississippi law and holding that mutual mistake of fact that goes to formation of the

showing that the contract he has made is tainted with invalidity . . . by a mutual mistake under which both parties acted."[35] "[W]hen opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of the agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity."[36] There has been no such evidentiary hearing in this case; Wise did not even raise potential illegality until her reply brief in support of her motion for reconsideration. Due to the post-judgment timing of this new argument of illegality, the district court concluded that Wise forfeited it.[37]

Generally, we agree with the district court that "[p]ost-judgment is not a 'pragmatically sufficient time' to first raise an affirmative defense." But Supreme Court caselaw "leave[s] no doubt that illegal promises will not be enforced in cases controlled by the federal law."[38] And the settlement hearing transcript suggests that the parties may have made a mutual mistake in believing that Wise was committing herself to retire upon eligibility for retirement disability benefits. Due to the posture of the case when this issue was first raised, the parties and the district court did not have the opportunity

---

agreement itself requires rescission); *see also* Restatement (Second) of Contracts, § 152(1) (1981) (explaining that a contract may be avoided for mutual mistake "[w]here a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances.").

[35] *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 392 (5th Cir. 1984) (internal quotation omitted).

[36] *Id.* at 390.

[37] *See LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) ("Failure to timely plead an affirmative defense may result in [forfeiture] and the exclusion of the defense from the case."); *id.* at 398 (quoting *Rogers v. McDorman*, 521 F.3d 381, 386 (5th Cir. 2008) ("A defendant does not [forfeit] a defense if it was raised at a 'pragmatically sufficient time' and did not prejudice the plaintiff in its ability to respond. A district court has the discretion to determine whether the party against whom the defense was raised suffered prejudice or unfair surprise as a result of the delay.")).

[38] *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 77 (1982).

No. 19-60194

to fully consider it. So, we vacate and remand to the district court for an evidentiary hearing to address (1) whether there was a mutual mistake, and, if so, (2) whether that mistake warrants rescission of the agreement.[39]

## IV. CONCLUSION

For these reasons, we VACATE and REMAND to the district court for it to consider—in light of our opinion—whether the settlement is valid and enforceable, or whether a mutual mistake warrants rescinding it.

---

[39] *Ollie v. Plano Indep. Sch. Dist.*, 2009 WL 938912, 323 F. App'x 295, 299 (5th Cir. 2009) (holding that a mistake in a settlement agreement in a Title VII case, which provided a former teacher with twenty months of paid administrative leave, was mutual, and thus remand was required to determine whether the agreement was valid, where both parties intended that the leave allowed the teacher to retire with full benefits, and twenty months of paid leave was insufficient to achieve that purpose); *cf. Mid-South Towing*, 733 F.2d at 392 (holding that a subcharterer's ignorance of the existence of several additional surveys of damaged barges was at most a unilateral mistake, and as such, did not relieve the subcharterer of its obligation under the settlement agreement in a suit for expenses incurred in repairing barges); *Strange v. Gulf & S. Am. S.S. Co.*, 495 F.2d 1235, 1237 (5th Cir. 1974) (rejecting longshoreman's opposition to enforcement of a settlement agreement with the shipowner-defendant due to mutual mistake about the severity of the longshoreman's injuries because "there would be little security in the settlement of a personal injury claim if the binding effect of such a settlement depended upon the certainty of the extent and outcome of the injuries involved. It is the very consequences of these uncertainties which the parties seek to foreclose by settlement and to take their chances on their outcome").

Plus, we employ the general rule "'that a federal appellate court does not consider an issue not passed upon below.'" *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 561 (5th Cir. 2018) (quoting *Humphries v. Elliott Co.*, 760 F.3d 414, 418 (5th Cir. 2014)). We have found it "advisable to vacate the district court's [] judgment. . . and remand it for further consideration" where a district court did not explicitly address an issue. *Auclair v. Sher*, 63 F.3d 407, 410 (5th Cir. 1995).