# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2023

Lyle W. Cayce
Clerk

No. 22-50788

_____

In the Matter of Jon Christian Amberson,

*Debtor*,

Jon Christian Amberson,

*Appellant*,

*versus*

James Argyle McAllen; El Rucio Land and Cattle
Company, Incorporated; San Juanito Land Partnership,
Limited; McAllen Trust Partnership, Limited,

*Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-496

_____

Before Graves, Higginson, and Douglas, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

In 2020, Appellee James McAllen won a multi-million-dollar arbitration award (the "Award") against his former attorney and son-in-law, Appellant Jon Amberson. Amberson soon filed for bankruptcy and sought to discharge the amounts awarded against him. McAllen objected under 11 U.S.C.

No. 22-50788

§ 523(a) ("Exceptions to Discharge") and sought summary judgment, arguing that (i) the Award is entitled to preclusive effect based on the doctrine of collateral estoppel and (ii) the Award found that all the elements of § 523(a) were met. The bankruptcy court granted summary judgment with respect to the bulk of the Award. The district court affirmed, and Amberson timely appeals. This court has jurisdiction under 28 U.S.C. § 158(d)(1).

Amberson argues that the lower courts erred in finding the Award is entitled to preclusive effect because the Award contains what Amberson calls a "disclaimer," specifying that it is merely a "reasoned award," not "formal findings of fact and law." McAllen argues, and the lower courts held, that this "disclaimer" is not dispositive and the arbitrator's 53-page, single-spaced Award, predicated on a 10.5-day hearing that involved more than 300 exhibits and testimony from 16 live witnesses, clearly satisfies the requirements for collateral estoppel. We AFFIRM.

The parties agree that our review is *de novo*. Some statements by the district court, however, might be read to suggest our review is for abuse of discretion. We need not decide this issue because Amberson's arguments fail under either standard. We therefore assume, *arguendo*, that our review is *de novo*.

"The Supreme Court has explicitly stated that collateral estoppel, or issue preclusion, principles apply in bankruptcy dischargeability proceedings." *In re Schwager*, 121 F.3d 177, 181 (5th Cir. 1997) (citing *Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991)). There is no dispute that "arbitral decisions may have preclusive effect." *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 503 (5th Cir. 2020); *Tremont LLC v. Halliburton Energy Servs., Inc.*, 696 F. Supp. 2d 741, 823 & n. 124 (S.D. Tex. 2010) (Rosenthal, J.) ("[T]here is ample authority for giving preclusive effect to issues resolved in arbitration.").

2

No. 22-50788

Under federal law,[1]

> Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action.

*Petro–Hunt, L.L.C. v. United States,* 365 F.3d 385, 397 (5th Cir. 2004) (footnotes omitted). Amberson makes no argument that the existence of the so-called "disclaimer" negates any of these three requirements, so he has forfeited any argument to that effect. *Wise v. Wilkie*, 955 F.3d 430, 438 n.28 (5th Cir. 2020).

Instead, Amberson appears to argue that this court should recognize a fourth requirement that has no basis in our precedent, to the effect that collateral estoppel is inappropriate where an arbitration award contains a "disclaimer" like the one in the Award. We need not decide whether a "disclaimer" could ever render collateral estoppel inappropriate. We hold merely that *this* "disclaimer" does not do so. Here is what it says in full.

> The parties' arbitration agreement does not speak to the type of Award to be entered. The parties requested and agreed to a

---

[1] McAllen claims that federal rather than state law governs the application of collateral estoppel in this context; Amberson fails altogether to brief the issue. We assume without deciding that federal law governs. Amberson does not mention the Texas requirements for collateral estoppel, let alone argue that the so-called "disclaimer" negates any of those requirements, so he has forfeited any argument to that effect. In any event, because the "key difference between" federal and Texas requirements for collateral estoppel "is the [additional] requirement that the issue be identical for federal collateral estoppel," *see In re Horne*, No. ADV 10-5063, 2011 WL 350473, at *4 (Bankr. W.D. Tex. Feb. 2, 2011), we do not see an argument that application of Texas law might favor Amberson or affect this case's outcome. *Cf. Tremont LLC*, 696 F. Supp. 2d at 821 n.123 (S.D. Tex. 2010) (applying federal law to the issue of collateral estoppel because, as here, the arbitration award was confirmed in federal court).

"reasoned Award," which is to be more detailed than a short-form "standard Award" but is not in the form of formal Findings of Fact and Conclusions of Law as might be entered by a court as to every element of a claim and every defense. Thus, while the Arbitrator on this substantial record and briefing has sought to provide his essential reasoning as to each of the eight issues (as contemplated by a "reasoned" Award), the Arbitrator has not and does not intend the Award to consist of formal findings of fact and conclusions of law. The Arbitrator has considered all the arguments, claims and defenses asserted by both sides, regardless of whether or not an argument or defense specifically is addressed herein or not. The Arbitrator has assessed the credibility of the witnesses, especially the two main parties, Amberson and McAllen. His assessment of their credibility and the documentary evidence forms the primary basis for this Award.

Later, the arbitrator reiterated:

As noted in the Award's Introduction, this Award does not constitute formal Findings of Fact and Conclusions of Law as might be entered by a trial court. The parties agreed to a "reasoned Award." Thus, while the Arbitrator below enters his determinations as to McAllen's Part II. claims by summarizing the elements of each claim, such is not intended as formal findings and/or conclusions.

On Amberson's telling, we "cannot know what prompted such a disclaimer" from the arbitrator. However, Amberson contends, "[t]he arbitrator's disclaimer gives rise to an inference that there were flaws in his fact-finding process which he acknowledged with the disclaimer." What's more, Amberson tells us that the "disclaimer" contains "an express instruction" to future tribunals that they must not give collateral estoppel effect to the award.

No. 22-50788

These assertions are mistaken. The arbitrator included the so-called "disclaimer" because the parties requested a reasoned award. Nothing in the "disclaimer" suggests the arbitrator had doubts about his fact finding. The arbitrator goes to lengths to assure us, immediately before and after first providing the "disclaimer," that he "has considered all the arguments, claims and defenses asserted by both sides, regardless of whether or not an argument or defense specifically is addressed herein or not," and that he held 10.5 days of hearings that included testimony from 16 live witnesses and 325 exhibits filling 17 three-ring binders. And at no place in his 53-page, single-spaced award does the arbitrator provide an "express instruction" to future tribunals not to grant the Award preclusive effect.

AFFIRMED.