# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2025

Lyle W. Cayce
Clerk

No. 25-10442
Summary Calendar
_____

Diamond King,

*Plaintiff—Appellant*,

*versus*

United States Postal Service Agency; Angelia Vence-Grisby, *Supervisor*; Maria Rosales, Postmaster; Doug Tulino, *Acting Postmaster General*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-492

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Diamond King—a former United States Postal Service mail carrier in Rowlett, Texas—alleges she suffered workplace discrimination while working at a local post office. She sued her former supervisor, Angelia Vence-Grisby; the Postmaster General of the United States, Louis DeJoy;

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

her office's postmaster, Maria Rosales; and the USPS itself. Her amended *pro se* complaint did not identify a cognizable cause of action, so the district court liberally construed her claims as arising under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000 *et seq.* The court then dismissed her case with prejudice under Federal Rules of Civil Procedure 12(b)(1), (5), and (6), citing lack of subject-matter jurisdiction, insufficient service of process, and failure to state a plausible claim.

King appealed, contending that the district court misapplied the pleading standards and thus erred in dismissing her case. She further asserts that Appellees engaged in sanctionable "gamesmanship" by evading service, remaining strategically silent, and mishandling their internal records. Finally, she argues that docketing errors deprived her of due process.

We AFFIRM the district court's judgment because King didn't object to the magistrate judge's factual findings and conclusions of law, and those recommendations support dismissal with prejudice.

I

Ordinarily, we review a district court's ruling on a Rule 12 motion *de novo. See Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023); *Crane v. City of Arlington*, 50 F.4th 453, 461 (5th Cir. 2022). But "[w]hen a party who is warned of the requirement to file timely objections to a magistrate judge's report and recommendation fails to file any such objections, and the magistrate judge's factual findings and legal conclusions are accepted by the district court, our review is for plain error." *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017) (citation omitted).

That is what happened here. Despite explicit warning, King never objected to the magistrate judge's report recommending dismissal of her claims, and the district court adopted it in full. Under our precedent, that omission limits her appeal to plain-error review. *See Douglass v. United Servs.*

*Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

The magistrate judge's report was served on the parties and included this warning:

> Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

So King was on notice that her failure to object would waive later challenges on appeal.

To be sure, we "liberally construe[]" *pro se* complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). But leniency has limits. *Pro se* litigants "must still brief contentions in order to preserve them." *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007). And they must comply with deadlines. *See Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) (per curiam) ("The right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." (cleaned up)).

Because King did not object to the magistrate's judge's report despite clear warning, she cannot now challenge its findings or conclusions except for plain error.

## II

On appeal, King contends that the district court erred in dismissing her complaint because she plausibly alleged discrimination and intentional infliction of emotional distress under Title VII and the Whistleblower Protection Act (WPA). 5 U.S.C. § 2302(b)(8); 42 U.S.C. § 2000 *et seq.*[1] We disagree.

King's WPA claims fail at the threshold: she raised them for the first time on appeal. As we've long recognized, "[a]n argument not raised before the district court cannot be asserted for the first time on appeal." *SmithGroup JJR, P.L.L.C. v. Forrest Gen. Hosp.*, 661 F. App'x 261, 265 (5th Cir. 2016) (quotation omitted); *Lofton v. McNeil Consumer & Specialty Pharms.*, 672 F.3d 372, 381 (5th Cir. 2012) ("The Fifth Circuit has a 'virtually universal practice of refusing to address matters raised for the first time on appeal.'") (quotation omitted)). The record contains no reference to the WPA. We therefore decline to consider it. *See Wise v. Wilkie*, 955 F.3d 430, 439 n.39 (5th Cir. 2020).

Her Title VII claims fare no better. She argues the district court "requir[ed] too much factual specificity prematurely by requiring King to provide detailed factual proof at the pleading stage, rather than allowing the

---

[1] King also argues that the district court's judgment should be reversed because the Appellees "evaded service, prolonged proceedings through strategic silence, and allowed internal documentation to be lost or destroyed," and the district court failed to transmit docket entry No. 18. But King doesn't identify any sanctionable misconduct on the Appellees' part. Nor did the district court fail to transmit the text order at docket entry No. 18. So we decline to disturb the district court's judgment on those bases.

case to proceed to discovery.". But the court didn't dismiss her case for lack of evidentiary proof. Instead, it dismissed on independent grounds: lack of jurisdiction, sovereign immunity, preemption, implausible pleading, and insufficient service of process. On appeal, King offers only a belated challenge to the service-of-process ruling—ignoring the court's other alternative holdings.

Because King has not shown that the district court plainly erred in dismissing her claims, the judgment must stand.

## III

The judgment of the district court is AFFIRMED.